STATE OF NORTH CAROLINA v. KENNETH ALFRED WILLIAMS

No. 75A86

(Filed 18 November 1986)

**1. Rape and Allied Offenses §§ 3, 5— forcible rape charged—insufficiency of evidence—intercourse with female under 13 shown but not charged**

Where defendant was charged with forcible first degree rape pursuant to N.C.G.S. § 14-27.2(a)(2), but no evidence was presented to show that the alleged rape entailed the use of a weapon, the infliction of serious injury, or aiding and abetting, and the trial judge did not instruct the jury on forcible rape, the failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment amounted to a dismissal of that charge and all lesser-included offenses. Furthermore, though there was evidence that defendant committed vaginal intercourse with a female under thirteen years of age and therefore could have been convicted of first degree rape pursuant to N.C.G.S. § 14-27.2(a)(1), he was not so charged, and he could be convicted, if at all, only of the particular offense charged in the warrant or bill of indictment.

**2. Rape and Allied Offenses § 6— forcible rape charged—instruction on intercourse with female under 13 improper**

Where defendant was charged with forcible first degree rape but the trial court instructed on vaginal intercourse with a female under thirteen years of age, such instructions were error because they allowed the jury to convict on grounds other than those charged in the indictment; moreover, the instructions were a basic violation of due process because defendant was never charged with the only rape offense which the jury was instructed to consider.

**3. Criminal Law § 34.8— father's taking of 12-year-old daughter to x-rated movie —evidence admissible to show plan**

In a prosecution of defendant for rape and incest, the trial court did not err in admitting evidence that defendant had taken his daughter to an x-rated movie and had told her to look at scenes depicting graphic sexual acts, since the daughter's presence at the film at defendant's insistence and his comments to her showed his preparation and plan to engage in sexual intercourse with her and to assist in that preparation and plan by making her aware of such sexual conduct and arousing her. N.C.G.S. § 8C-1, Rule 404(b).

APPEAL of right by defendant pursuant to N.C.G.S. § 7A-27(a) from judgment imposing life sentence after defendant's convictions of first-degree rape and incest at the 29 October 1985 Criminal Session of ROBESON County Superior Court, *Johnson (Lynn), J.,* presiding.

*Lacy H. Thornburg, Attorney General, by James C. Gulick, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant-appellant.*

BROWNING, Justice.

In his appeal defendant contends the trial court (1) committed reversible error in failing to dismiss the first and second-degree rape charges for insufficient evidence; (2) committed plain error in instructing the jury on a theory of rape not charged in the indictment; and (3) committed reversible error in admitting evidence that defendant had taken his daughter to an x-rated movie and told her to look at scenes depicting graphic sexual acts. We find merit in defendant's first and second contentions. The trial court's failure to instruct the jury on forcible rape was the equivalent of a dismissal of that crime and all lesser included offenses. Although the jury returned a verdict of "Guilty of First Degree Rape," the judge instructed the jury only on rape of a female under thirteen years, a theory of rape not charged in the indictment. We find no error in defendant's trial and conviction of incest.

I.

The indictment charging defendant with rape alleged that he "unlawfully, willfully and feloniously did ravish and carnally know Dolly Marie Williams, a female person, by force and against her will." The indictment alleged that the offense was in violation of N.C.G.S. § 14-27.2(a)(2) and N.C.G.S. § 14-27.3(a)(1), our statutes governing first-degree rape and second-degree rape by use of force and against the victim's will. The crimes were alleged to have occurred on 1 August 1985.

The State's first witness was Dollie Marie Williams. Ms. Williams testified that she was thirteen years old and that her last birthday had fallen on 16 August 1985. Defendant, she testified, was her natural father. She had moved in with defendant, his wife and their children at the end of February 1985.

According to the witness, defendant had touched her on several occasions between the end of May 1985 and the end of July 1985. Although she had been fully clothed on those occasions, this

conduct had involved her breasts and "private parts" and she had disliked it and had asked defendant to quit doing it. Defendant had said nothing on those occasions. She stated that she did not tell anybody about defendant's conduct because she had been present on prior occasions when he made belligerent remarks and those remarks had made her afraid. She had also seen him strike two of his stepchildren.

In early July, Williams said, defendant had told her to take off her shorts and panties. She complied because she was afraid of defendant. That fear was rooted in having been previously exposed to defendant's belligerence. She stated defendant then had vaginal intercourse with her. Afterwards, defendant told her not to say anything.

According to Williams, defendant continued to have vaginal intercourse with her on a regular basis in the weeks that followed. One day, she recalled, she had heard somebody get out of a bed in another room during one of the times defendant had touched her. A few days after that, employees of the Department of Social Services interviewed her. When first interviewed, the prosecutrix did not relate the events about which she testified. Subsequently, the interviewer, Becky Morrow, told her that she had received information from one of the other children that there had been sexual contact between Ms. Williams and defendant. In response to that accusation, Ms. Williams gave the version of events that she was testifying to at trial.

As to the offenses charged, Ms. Williams testified that defendant had sent the four younger children out to the yard at around 1:20 in the afternoon and, shortly thereafter, called her to come back to the bathroom. He kissed and touched her, before telling her to take off her shorts and panties. She complied and then bent over, holding the bathtub, while defendant engaged in vaginal intercourse with her.

Melissa Barnes, defendant's stepdaughter, testified that she had once seen Dollie Williams in the same bed as defendant, and that defendant's hand had been touching Williams' buttocks.

Shirley Williams, defendant's wife, gave testimony corroborating that of Melissa Barnes, her daughter. She also testified, over defendant's repeated objections, that defendant had

taken her and Dollie Williams to a drive-in movie, which she described as x-rated. According to the witness, the movie had contained explicit sexual scenes and defendant had encouraged his daughter to look at them.

Becky Morrow, the case worker who interviewed Dollie Williams, gave corroborative testimony based on Williams' prior statements to her.

Dr. Michael Hunt testified that he had examined Dollie Williams and that his findings were consistent with a sexually active young woman. He had found no evidence of trauma.

Detective Kenneth Sealey gave corroborating testimony based on Dollie Williams' prior statements. Sealey also testified that he collected samples for a rape kit and sent it to the North Carolina Bureau of Investigation laboratory, along with some sheets taken from household items found in defendant's truck.

Jed Taub, from the State Bureau of Investigation laboratory, testified that he found semen stains on the sheet that Sealey had sent to them. He identified them as type O. Taub identified a blood sample taken from defendant as also being type O.

Defendant presented a number of witnesses.

Dollie Mae Williams testified that her granddaughter, Dollie Williams, the prosecutrix, had been at her house throughout the time that she alleged the crimes charged had taken place. Defendant had been there for much of that time.

Clara Barnes, Dollie Mae Williams' next door neighbor, testified that she had seen Dollie Williams at Mrs. Williams' house at the time that she had testified to having sexual intercourse in defendant's trailer some miles away.

Lillie Hickman testified that she saw defendant's truck at Mrs. Williams' house at around 1:20 p.m. on 1 August 1985. Dollie Williams and defendant's stepchildren were on the porch of the house at that time. When Mrs. Hickman returned between 2:30 and 3:00 p.m., she stopped to visit and again saw Dollie Williams at that location.

Robert Hickman confirmed Lillie Hickman's testimony. He said he had been driving her to the hospital and back at the time they saw defendant's truck and his children.

Defendant moved to dismiss the charges at the close of the evidence. The court denied his motion.

## II.

[1]  In his first assignment of error, defendant contends that the evidence presented at trial was insufficient to sustain his conviction on the indictment for forcible first-degree rape and, for that reason, that the trial court erred in denying his motion to dismiss that charge. This contention is based on the State's failure to present substantial evidence of each of the essential elements of the charge as laid in the indictment. No evidence was presented to show that the alleged rape entailed the use of a weapon, the infliction of serious injury or aiding and abetting. Proof of at least one of those elements is necessary to sustain a conviction for first-degree rape under N.C.G.S. § 14-27.2(a)(2), the theory of prosecution under which defendant was charged. Although the trial judge denied defendant's motion to dismiss, when he charged the jury he did not instruct them on forcible rape; he instructed only on the offense of vaginal intercourse with a female under thirteen years of age.

It has long been the law of this State that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment. *State v. Faircloth*, 297 N.C. 100, 253 S.E. 2d 890 (1979); *State v. Cooper*, 275 N.C. 283, 167 S.E. 2d 266 (1969); *State v. Lawrence*, 264 N.C. 220, 141 S.E. 2d 264 (1965); *State v. Law*, 227 N.C. 103, 40 S.E. 2d 699 (1946).

While evidence was adduced at trial that indicated that a basis existed upon which the State could have brought defendant to trial on a theory of rape based on Dollie Williams' age pursuant to N.C.G.S. § 14-27.2(a)(1), defendant was not so charged. Having chosen forcible first-degree rape as its theory of prosecution and having brought defendant to trial, the State was bound to prove all of the material elements of that charge and could not rely on proof of rape pursuant to N.C.G.S. § 14-27.2(a)(1). The failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment amounted to a dismissal of that charge and all lesser included offenses. Therefore, we hold that the trial judge did in fact dismiss the first and second-degree rape charges alleged in the indictment.

### III.

[2] We next are asked to consider whether the trial court committed plain error in instructing the jury on a theory of rape not charged in the indictment. Insofar as the instructions given allowed the jury to convict on grounds other than those charged in the indictment, they were error. But, we hold that the jury instructions were more than erroneous; they were a basic violation of due process because the defendant was never charged with the only rape offense which the jury was instructed to consider. "It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Jackson*, 218 N.C. 373, 376, 11 S.E. 2d 149, 151 (1940).

N.C.G.S. § 14-27.2, first-degree rape, provides:

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim; or

(2) With another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

b. Inflicts serious personal injury upon the victim or another person; or

c. The person commits the offense aided and abetted by one or more other persons.

Whereas, N.C.G.S. § 14-27.3, second-degree rape, provides:

(a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:

(1) By force and against the will of the other person; or

(2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the

act knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless.

(b) Any person who commits the offense defined in this section is guilty of a Class D felony. (1979, c. 682, s. 1; 1979, 2nd Sess., c. 1316, s. 5.)

The bill of indictment under which defendant was tried and convicted charged him with an offense in violation of N.C.G.S. § 14-27.2(a)(2), and § 14-27.3(a)(1). The indictment further provides:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did ravish and carnally know Dolly Marie Williams, a female person, by force and against her will.

[NOTE: This indictment is sufficient to charge both First and Second Degree Rape of a female person when force was used. G.S. 15-144.1(a); G.S. 15-155. A prosecutor who only intends to prosecute for Second Degree Rape may want "Second Degree" typed before "Rape" in the offense block.

This indictment is not sufficient to charge first degree rape of a child of the age of 12 years or less or second degree rape of a handicapped person. See G.S. 15-144.1(b) and (c) to indict for these offenses.]

However, the trial court instructed the jury that they could find defendant guilty of first-degree rape if they found "that on or about August 1, 1985, Kenneth Alfred Williams engaged in vaginal intercourse with Dollie Marie Williams, and that at that time, Dollie Marie Williams was a child under the age of thirteen years, and that Kenneth Alfred Williams was at least twelve years old and was at least four years older than Dollie Marie Williams."

The requirements of a valid indictment are that it be sufficiently certain in the statement of the accusation so as to identify the offense with which the accused is charged; to protect the accused from being twice put in jeopardy for the same offense; to enable the accused to prepare for trial and to enable the court on conviction or plea of guilty to pronounce sentence according to the rights of the case. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d

897 (1970). An indictment that does not accurately and clearly allege all of the elements of the offense is inadequate to support a conviction. *State v. Perry*, 291 N.C. 586, 231 S.E. 2d 262 (1977). Finally, the failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction. *See, e.g., State v. Thorp*, 274 N.C. 457, 164 S.E. 2d 171 (1968). (Burglary indictment charged felonious purpose of ravishing and carnally knowing, but the court's instructions told the jury that they could find defendant guilty if he "entered with the intent to commit a felony.")

Because the jury in this case was instructed and reached its verdict on the basis of the elements set out in N.C.G.S. § 14-27.2(a)(1), whereas defendant had been charged with rape on the basis of the elements set out in N.C.G.S. § 14-27.2(a)(2) and N.C.G.S. § 14-27.3(a)(1), the indictment under which defendant was brought to trial cannot be considered to have been a valid basis on which to rest the judgment. Therefore, we hold that the instructions given to the jury pursuant to N.C.G.S. § 14-27.2(a)(1) were fundamentally in error. For the reasons discussed in Sections II and III of this opinion, the judgment entered on defendant's conviction must be vacated.

## IV.

[3]  By his final assignment of error, defendant contends that the trial court erred in admitting evidence that defendant had taken his daughter to an x-rated movie and had told her to look at scenes depicting graphic sexual acts.

Rule 404(b) of the North Carolina Rules of Evidence provides:

(b) Other crimes, wrongs, or acts. — Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Defendant argues that the trial court's ruling that the evidence pertaining to the x-rated movie went to the state of mind of the defendant makes a mockery of both the letter and intent of the rule. He further argues that it serves to tell the jury that a

perverse or immoral mental state at the time of this incident is probative of defendant's guilt of rape and incest and that kind of presumption is precisely the evil the rule seeks to avoid.

The State contends that the testimony regarding the x-rated film was admissible to prove defendant's specific sexual intent, preparation and plan with regard to his daughter. We hold that the daughter's presence at the film at defendant's insistence, and his comments to her show his preparation and plan to engage in sexual intercourse with her and assist in that preparation and plan by making her aware of such sexual conduct and arousing her. Therefore, we reject this assignment of error.

For the reasons given we conclude that the judgment in 85CRS13991 as to forcible first-degree rape must be arrested. Because the sentence in 85CRS13991 as to first-degree rape was combined with the sentence in 85CRS13990 as to incest, the sentence in 85CRS13990 must be vacated and 85CRS13990 is remanded to the Superior Court of Robeson County for a new sentencing hearing.

No. 85CRS13991—Judgment arrested.

No. 85CRS13990—Vacated in part and remanded for a new sentencing hearing.