STATE OF NORTH CAROLINA v. VERNON R. OWENS

No. COA98-1309

(Filed 2 November 1999)

### 1. Criminal Law— joinder—sex offenses—multiple victims—improper but not prejudicial

Although the trial court erred in permitting joinder of all offenses in a case involving defendant's numerous sex offenses against his girlfriend's three minor daughters because of the length of time between offenses and the differing nature of most of the individual acts indicating the charged acts did not constitute a single scheme or plan under N.C.G.S. § 15A-926(a), defendant was not prejudiced since: (1) evidence of the other molestations at the trial of any one offense would have been admissible pursuant to N.C.G.S. § 8C-1, Rule 404(b); and (2) there is no evidence defendant was hindered or deprived of his ability to defend one or more of the charges.

### 2. Evidence— other offenses—uncharged instances of sexual abuse—common plan or scheme

The trial court did not err in admitting the testimony of a fourth sister in a case involving defendant's numerous sex offenses against his girlfriend's three minor daughters because the evidence of uncharged instances of sexual abuse by defendant involving the fourth sister when she was a minor was relevant under Rule 404(b) to show a common plan or scheme.

### 3. Indecent Liberties— sufficiency of the evidence

In a case involving defendant's numerous sex offenses against his girlfriend's three minor daughters, the trial court did not err in denying defendant's motion to dismiss the three indecent liberties offenses, based on an incident where all three victims testified they watched as defendant stood in a doorway masturbating, because a reasonable juror could conclude from the evidence that defendant knew the girls were in the room.

Appeal by defendant from judgments entered 15 April 1998 by Judge William C. Griffin in Currituck County Superior Court. Heard in the Court of Appeals 26 August 1999.

STATE v. OWENS

[135 N.C. App. 456 (1999)]

*Michael F. Easley, Attorney General, by James P. Erwin, Jr., Special Deputy Attorney General, for the State.*

*Gladden, Rose, Jones & Harrison, by Randy L. Jones, for defendant-appellant.*

EDMUNDS, Judge.

Defendant Vernon Owens was indicted for committing numerous sex offenses against his girlfriend's three minor daughters. As to the eldest daughter, defendant was charged with committing first-degree statutory rape, indecent liberties, and first-degree sexual offense in July 1990; with taking indecent liberties in August 1996; and with taking indecent liberties in April 1997. As to the middle daughter, he was charged with first-degree sex offense and taking indecent liberties in June 1994. As to the youngest daughter, he was charged with first-degree sex offense and taking indecent liberties between August and December 1994, and with taking indecent liberties in August 1996. Over defendant's objection, the cases were joined for trial.

Defendant was tried in 1998. The oldest daughter, who was then fifteen years old, testified that the first incident occurred when she was seven or eight. Defendant took her into his bedroom, removed her underwear, and attempted to place his finger in her vagina. She described another incident that took place a few months later where defendant took her to his bedroom and penetrated her slightly with his penis. She testified that when she was nine years old, defendant attempted to force her to place her mouth on his penis. On another occasion, defendant stood in front of her bedroom door and masturbated while she and a sister watched. She stated that in 1997, defendant fondled her breasts, and that her sisters witnessed this incident.

The middle sister, who was fourteen years old at the time of trial, testified to an incident where defendant slid his hand down her pants and placed his finger between her vaginal lips. She further testified that she saw defendant place his hands over the shirt covering her older sister's breasts, and in 1996, she observed defendant masturbating. During this latter incident, all three sisters were in a room watching defendant, and he was looking into the room; however, she did not know if defendant knew the sisters were in the room. (This is apparently the same incident described by the older sister, above; there was a discrepancy in the sisters' testimony as to how many observed defendant's actions.)

The youngest sister was twelve years old at the time of trial. She testified that in the autumn of her third-grade year, defendant put his finger inside her vagina. She also testified that she observed defendant masturbating while standing in front of her sister's bedroom door.

Other evidence included testimony of an investigator, defendant's testimony denying the charges, and the testimony of the victims' mother that she did not believe her daughters. The jury returned verdicts of guilty of attempted statutory rape and both indecent liberties charges as to the oldest victim, guilty of attempted first-degree sex offense and indecent liberties as to the middle victim, and guilty of first-degree sex offense and both indecent liberties charges as to the youngest victim. Defendant received a life sentence for the first-degree sex offense conviction and lesser sentences for the other convictions, some to run concurrently. Defendant appeals.

[1] Defendant's first contention is that the trial court erred in permitting joinder of all offenses. Offenses may be joined for trial when "the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926(a) (1997). The law governing application of this rule is well settled. "This statute [15A-926(a)], which became effective in 1975, differs from its predecessor, in part by disallowing joinder on the basis that the acts were of the same class of crime or offense when there is no transactional connection among the offenses." *State v. Corbett*, 309 N.C. 382, 387, 307 S.E.2d 139, 143 (1983) (citations omitted).

> A motion to consolidate charges for trial is addressed to the sound discretion of the trial judge and that ruling will not be disturbed on appeal absent an abuse of discretion. If, however, the charges consolidated for trial possess no transactional connection, then the consolidation is improper as a matter of law.

*State v. Silva*, 304 N.C. 122, 126, 282 S.E.2d 449, 452 (1981) (citations omitted).

Traditionally, North Carolina appellate courts have been willing to find a transactional connection in cases involving sexual abuse of children. In *State v. Effler*, 309 N.C. 742, 309 S.E.2d 203 (1983), a noncustodial parent was charged with sexually molesting his juvenile stepson on 15 May 1982, and his juvenile daughter on 8 June 1982. Our Supreme Court, noting that (1) in less than one month, the defendant

took advantage of both children during visitations; (2) the defendant used his position of dominance as their father to molest the children; and (3) in each case the defendant waited until he was alone with the child at home, concluded: "The facts of this case present a unique set of circumstances which, although by no means compelling, provide grounds for permissible joinder of the charges." *Id.* at 752, 309 S.E.2d at 209.

In *State v. Street*, 45 N.C. App. 1, 262 S.E.2d 365 (1980), the defendant was charged with molesting his three stepchildren. He had frequent sexual intercourse with the oldest girl, and forced his stepson to have sex with his sister. Defendant attempted to have sex with the youngest daughter on numerous occasions. These events spanned approximately one year, and this Court held:

> We, like the defendant, can find no case in this jurisdiction where acts allegedly committed by a defendant five months apart were held to be parts of a single scheme or plan. Nonetheless, each of the offenses for which the defendant was charged allegedly occurred at the same place and under the same circumstances. All of the victims were members of the same family. The evidence tended to show that these incidents and similar incidents continued for a long period of time, and that the defendant sexually abused his children virtually each time his wife left the defendant home alone with the children. In each instance the defendant used his parental control over the children to force them to comply with his sexual desires. Consequently, we think that even though the time period between some of the acts was substantial, the acts were nonetheless so similar in circumstance and place as not to render the consolidation of the offenses prejudicial to the defendant. We also note that all of the offenses involved sexual abuses of stepchildren, and although N.C. Gen. Stat. § 15A-926 does not permit joinder of offenses solely on the basis that they are the same class, the nature of the offenses is a factor which may properly be considered in determining whether certain acts constitute parts of a single scheme or plan.

*Id.* at 5-6, 262 S.E.2d at 368 (citation omitted).

By contrast, in the case at bar, the length of time between offenses, along with the differing nature of most of the individual acts, indicates that defendant did not have a "single scheme or plan." N.C. Gen. Stat. § 15A-926(a). The first offense occurred in July 1990, when defendant attempted to have intercourse with the oldest victim.

After this 1990 offense, three years passed before defendant molested both younger sisters at different times in 1994. He then molested the oldest victim again in August 1996. The final offenses charged took place in 1997. Defendant's methods were not uniform. Some molestations took place when he was alone in the house with a single child. On other occasions, he would isolate a child in his bedroom while others were in the house. Defendant twice took indecent liberties while all three girls were present. In light of (1) the extended interval of as much as several years between some of these offenses and (2) the lack of a consistent pattern in defendant's molesting behavior, we hold that, as a matter of law, all of the charged acts did not constitute part of a single scheme or plan. The trial court erred in joining the cases for trial.

Even though the offenses were improperly joined, defendant has not articulated any resulting prejudice in his appellate brief, nor do we perceive any. If the offenses had not been joined, then at the trial of any one offense, evidence of the other molestations would have been admissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) (1992) to show "intent, plan or design." *Effler*, 309 N.C. at 752, 309 S.E.2d at 209. Such a Rule 404(b) "plan" may be established by a lower threshold of proof than that needed to establish the "series of acts or transactions connected together or constituting parts of a single scheme or plan," which must be shown for joinder of offenses for trial under section 15A-926(a). The very terms used in section 15A-926(a) requiring a "single scheme or plan," are more exacting than the term "plan" used in Rule 404(b). We are therefore satisfied that a "plan" (Rule 404(b)) and a "single plan" (15A-926(a)) are not equivalent.

Other cases have confirmed the admissibility of such evidence pursuant to Rule 404(b). *See, e.g., State v. Frazier*, 344 N.C. 611, 476 S.E.2d 297 (1996) (finding evidence of other molestations between seven and twenty-six years before offense for which defendant was tried admissible to show common plan or scheme); *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986) (finding defendant's three-year-old daughter's testimony concerning defendant's sexual activity with her admissible in defendant's trial for molesting his two sons in order to establish common scheme or plan); *State v. Goforth*, 59 N.C. App. 504, 297 S.E.2d 128 (1982) (affirming trial court's admission of two stepdaughters' testimony of defendant's abuse in the prosecution of defendant for molesting another stepdaughter properly admitted to show common plan or scheme), *rev'd on other grounds*, 307 N.C. 699, 307 S.E.2d 162 (1983). "Our Court has been

STATE v. OWENS

[135 N.C. App. 456 (1999)]

very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule [of 404(b)]." *State v. Greene,* 294 N.C. 418, 423, 241 S.E.2d 662, 665 (1978). While the admissibility of this evidence pursuant to Rule 404(b) is not conclusive evidence of the absence of prejudice, it is a factor that we may consider. *See Corbett,* 309 N.C. at 389, 307 S.E.2d at 144. There is no evidence defendant was "hindered or deprived of his ability to defend one or more of the charges." *Id.* (citation omitted). The trial court's error in joining the offenses for trial was harmless. This assignment of error is overruled.

[2] Defendant next contends the trial court erred in admitting the testimony of a fourth sister. This witness, older than the victims named in the indictments, was twenty-seven years old at the time of trial. Over defendant's objection, she was allowed to testify pursuant to Rule 404(b) that defendant touched her vagina when she was ten or eleven years old, and defendant forced her to have sexual intercourse with him when she was thirteen or fourteen.

As detailed above, North Carolina appellate courts have been very liberal in admitting evidence of similar sex crimes as an exception to Rule 404(b). *See Greene,* 294 N.C. at 423, 241 S.E.2d at 665. The uncharged instances of abuse involving the fourth sister, committed between thirteen and seventeen years prior to trial, were less remote than the uncharged instances of abuse whose admission was approved by our Supreme Court in *Frazier,* 344 N.C. 611, 476 S.E.2d 297. This evidence demonstrated that defendant gained access to these young girls by exploiting his relationship with their mother and is consistent with other evidence previously presented through the three victims named in the indictments. Therefore, the testimony of the fourth sister was relevant under Rule 404(b) to show a common plan or scheme.

Nevertheless, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." N.C. Gen. Stat. § 8C-1, Rule 403 (1992). Evidence of defendant's molestation of a fourth sister undoubtedly had probative value to show the existence of intent, plan or design, to corroborate the types of sexual abuse established by the testimony of the other three victims, and to confirm defendant's characteristic abuse of the children of the woman who was his friend and who later became his girlfriend. *See State v. Thomas,* 350 N.C. 315, 514 S.E.2d 486 (1999). In light of the direct evidence presented by the three victims and the investiga-

tor, any unfair prejudice caused by evidence of a fourth victim was minimal. This assignment of error is overruled.

**[3]** Finally, defendant contests the sufficiency of the evidence to support his conviction of three indecent liberties offenses. Each of these offenses stemmed from the incident where all three victims testified they watched as defendant stood in a doorway masturbating. Defendant argues there was insufficient evidence to prove he knew the victims were watching, and therefore the trial court should have granted his motion to dismiss those charges at the close of the State's case and again at the conclusion of all the evidence.

"In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence." *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91 (1997). A motion to dismiss for insufficient evidence will be denied if there is substantial evidence of each element of the crime. *See State v. Bates*, 309 N.C. 528, 308 S.E.2d 258 (1983). Substantial evidence is such relevant evidence that a reasonable mind might find sufficient to support a conclusion. *See State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). Masturbation by an adult in the presence of a child may constitute indecent liberties. *See State v. Turman*, 52 N.C. App. 376, 278 S.E.2d 574 (1981). Here, the oldest victim testified that defendant was masturbating while standing in the doorway of a bedroom where she and her sisters were watching. Although she did not know if defendant knew the victims were in the bedroom, she testified that, "yeah, he was looking in there." The other two sisters also testified about defendant's behavior on that occasion, and one testified that defendant knew the oldest victim was in the room. A reasonable juror could conclude from this evidence that defendant knew the girls were in the room. Defendant reiterates this argument in his assignment of error to the trial court's denial of his motion to dismiss all charges at the close of all the evidence. For the reasons stated above, this argument fails. This assignment of error is overruled.

No error.

Judges WYNN and JOHN concur.