STATE OF NORTH CAROLINA v. CLARENCE BOWEN

No. COA99-623

(Filed 18 July 2000)

## 1. Sexual Offenses— conviction for offense not charged— plain error

The trial court committed plain error by instructing the jury on statutory sexual offense instead of first-degree sexual offense as charged in the indictment for case numbers 97 CRS 6333, 6336,

and 6338, because a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment.

**2. Sexual Offenses— instructions—age difference—lack of notice**

The trial court committed plain error in case 96 CRS 5439 by instructing the jury on the elements of statutory sexual offense under N.C.G.S. § 14-27.7A, based on lack of notice, since the indictment did not allege that defendant was at least six years older than the minor victim, because the age difference is one of the key differences between an indictment for statutory sexual offense under N.C.G.S. § 14-27.7A and an indictment for forcible first-degree sexual offense under N.C.G.S. § 14-27.4.

**3. Indecent Liberties— instructions—failure to give**

Although the jury had already been instructed on the other four indecent liberties charges and the record reveals the indictment and verdict sheet were completely consistent, the trial court committed plain error by failing to give any instructions to the jury on the necessary elements for the indecent liberties charge in 97 CRS 6341.

**4. Indictment and Information— variance—victim's name**

The trial court did not err by allowing the State to change the indictment in case 98 CRS 4124 to read "SB" instead of "SR" for the victim's name, based on the evidence revealing that SB was adopted by her grandparents after the indictment had been issued against defendant, because: (1) the indictment and the proof were not at variance, tending to show that defendant sexually abused SB while she was still SR; and (2) the amendment to the indictment was permissible since it did not substantially alter the charge in the original indictment.

**5. Criminal Law— joinder—sex offenses—multiple victims— improper but not prejudicial**

Although the trial court erred by granting the State's motion for joinder of sexual offenses under N.C.G.S. § 15A-926(a) because the length of time between offenses and the differing nature of the individual acts indicated the charged acts did not constitute a single scheme or plan, it was not prejudicial error since: (1) evidence of each of these offenses would be admissible in the separate trials of the others under N.C.G.S. § 8C-1, Rule

STATE v. BOWEN

[139 N.C. App. 18 (2000)]

404(b); and (2) there is no evidence that the jury may have come to a different conclusion had the charges not been consolidated.

**6. Sexual Offenses— motion to set aside verdict—substantial evidence**

The trial court did not abuse its discretion by denying defendant's motion to set aside all of the verdicts, including three counts of first-degree sexual offense, one count of statutory sexual offense, and five counts of taking indecent liberties with a minor, based on the jury convicting defendant of an indecent liberties charge in 97 CRS 6341 without having been given instructions as to that offense, because the record contains substantial evidence upon which a jury could have found defendant guilty.

**7. Evidence— expert—cause of injury—speculative testimony**

The trial court did not err by sustaining the State's objection to its own expert witness's speculative testimony during cross-examination by defendant, concerning the cause or circumstances of the minor victim's possible sexual abuse, because: (1) the testimony would not have assisted the jury to understand evidence or to determine any fact in issue; and (2) an expert is no better qualified than the jury to have an opinion where he is simply speculating as to the cause of an injury without any medical ground upon which to base his opinion.

**8. Appeal and Error— preservation of issues—failure to object**

Although defendant contends the trial court erred by failing to instruct the jury concerning which incidents involving one of the minor sex abuse victims were the basis of the charges against defendant versus which ones were admitted under N.C.G.S. § 8C-1, Rule 404(b), defendant did not preserve this issue because he failed to state distinctly the reasons he objected in order to preserve that objection for appellate review as required by N.C. R. App. P. 10(b)(2).

Appeal by defendant from judgments entered 4 November 1998 by Judge Jay D. Hockenbury in Pender County Superior Court. Heard in the Court of Appeals 14 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Sarah Ann Lannom, for the State.*

*Daniel Shatz for defendant-appellant.*

HUNTER, Judge.

Clarence Bowen ("defendant") appeals his convictions of three counts of first degree sexual offense, and one count of statutory sexual offense, and five counts of taking indecent liberties with a minor child. Defendant argues that: (1) the trial court committed plain error by instructing the jury on statutory sexual offense instead of forcible sexual offense as charged in indictments numbered 97 CRS 6333, 97 CRS 6336, and 97 CRS 6338; (2) the trial court committed plain error by instructing the jury on the elements of statutory sexual offense when the indictment on that charge was incomplete; (3) the trial court committed plain error by failing to instruct the jury on the elements necessary in one of the five indecent liberties charges; (4) the trial court committed plain error by denying defendant's motion to set aside all the verdicts when it appeared the jury was not following the court's instructions; (5) the trial court erred in granting the State's motion for joinder; (6) the trial court erred in sustaining the State's objection to parts of an expert's testimony; (7) the trial court erred in failing to instruct the jury about what evidence was admitted only for purposes under N.C.R. Evid. 404(b); (8) the trial court erred by instructing the jury that a sexual act is fellatio or cunnilingus where the evidence did not support the instructions; and (9) the trial court erred in allowing the State to change the indictment in one of the cases. Having found merit in several of defendant's arguments, we vacate and remand in part and find no prejudicial error in part.

The State presented evidence at trial to show the defendant is the natural father of victims "CJ" and "NJ." CJ, born 28 July 1982, testified that on 4 May 1996, defendant forced her onto a bed, pinned her down and inserted his fingers into her vagina. She further testified that defendant had inappropriately touched her on a regular basis for several years. NJ testified that after she and her cousin, "Buck" heard CJ screaming "get off me," they knocked on the door, asked for CJ, looked under the door, saw defendant on top of CJ, and called Buck's mother, Mary Ann. Mary Ann corroborated CJ, NJ, and Buck's testimonies. Furthermore, she testified that it was she who brought the family's attention to the matter.

Victim "SB" (formerly, SR) born in August 1988, testified that in the summer of 1996, defendant forcibly touched her private parts, reaching into her shorts and inside her blouse. Just after the incident, SB told her cousin Buck what happened. Buck corroborated SB's testimony.

Another victim, "Tammy" testified that at the time of trial she was 19 and defendant, her uncle, was over 40. She stated that for "as far back as [she could] remember" defendant had been sexually abusing her, including: when she was too small to see over the dashboard of a car, he made her perform oral sex on him; when she was 6 years old, in 1984, defendant again made her perform oral sex on him and then ejaculated on her; defendant accosted her just outside her house in 1987 where he forcibly performed oral sex on her; around Christmas 1989, she awoke on her grandmother's couch to find defendant "playing in [her] butt," then he stuck his fingers into her vagina and then he masturbated. Tammy further testified that defendant had threatened to beat her if she told anyone, that defendant had, in fact, cut her stomach with a fishing knife and burnt her with a cigarette. Tammy displayed scars from these injuries to the jury.

Defendant's evidence consisted of several of his relatives testifying that they knew nothing of the alleged abuse. His wife, Sheila Bowen, testified that on 4 May 1996 she asked CJ if defendant had ever touched her before and CJ said no. However, she also stated that after 4 May 1996, CJ went to live with Mary Ann. Defendant's brother, Glen Bowen, testified that he had not heard about Tammy's accusations until she testified. He further stated there had never been a cornfield (only soybeans) behind his mother's house (which was another place Tammy testified defendant had abused her). Bernice Bowen Simpson, defendant's sister testified that Tammy told her she had been pressured in to signing papers about the defendant's abuse of her. Defendant testified on his own behalf and denied having ever abused CJ, Tammy or SB.

[1] We begin by addressing defendant's arguments regarding his indictments. Defendant first contends that the trial court committed plain error by instructing the jury on statutory sexual offense instead of first degree sexual offense as charged in the indictments for case numbers 97 CRS 6333, 6336 and 6338. In its brief, the State concedes the trial court's error and we agree. Therefore, we vacate the trial court's judgment regarding those three charges.

N.C.R. App. P. 10(b)(2) reads:

A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

STATE v. BOWEN

[139 N.C. App. 18 (2000)]

*(See also State v. Morgan,* 315 N.C. 626, 644, 340 S.E.2d 84, 95 (1986), where our Supreme Court held that Rule 10(b)(2) operated to preclude a defendant from assigning as error on appeal a trial judge's failure to so instruct unless defendant preserves the error by making a timely objection at trial.)

However, in *State v. Odom,* 307 N.C. 655, 300 S.E.2d 375 (1983), the court held that although Rule 10(b)(2) bars a defendant from assigning error to an omitted jury instruction not objected to at trial, where the omission is so fundamental that it "tilted the scales" and caused the jury to reach a different verdict than it would have otherwise, that error is plain error. In reviewing defendant's assignment of plain error, this Court must find that

> ". . . the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or '[that the error] is grave error which amounts to a denial of a fundamental right of the accused' . . . or [that] it can be fairly said 'the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' "

*Id.* at 660, 300 S.E.2d at 378 (emphasis in original) (quoting *United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)). Therefore,

> "[b]efore deciding that an error by the trial court amounts to 'plain error,' the appellate court must be convinced that absent the error the jury probably would have reached a different verdict. . . . [T]he test for 'plain error' places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 . . . (defendant not prejudiced by error resulting from his own conduct)."

*Morgan,* 315 N.C. at 645, 340 S.E.2d at 96 *(citing State v. Walker,* 316 N.C. 33, 39, 340 S.E.2d 80, 83-84 (1986)).

It is uncontradicted—the transcript attesting to it—that the trial judge gave instructions to the jury on statutory sexual offense, *not* first degree (forcible) sexual offense, as was charged in the three indictments. In fact, in each of these cases, the trial judge began by stating that defendant "has been accused of a first degree sexual offense," yet he continued by listing the elements of statutory sexual offense. Having reviewed the indictments and the trial court's instructions to the jury, we hold that the trial court did, in fact, commit plain error.

It has long been the law of this State that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment.

[H]aving brought defendant to trial, the State was bound to prove all the material elements of that charge . . . . The failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment amounted to a dismissal of that charge and all lesser offenses. . . .

*State v. Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986) (citations omitted). Therefore, we hold the trial judge, by his failure to submit the proper jury instructions for the three counts of first degree (forcible) sexual offense against defendant, effectively dismissed those charges. Hence we must now vacate the judgment in case numbers 97 CRS 6333, 6336 and 6338.

[2] Secondly, defendant argues the trial court committed plain error in case number 96CRS 5439 by instructing the jury on the elements of statutory sexual offense as denoted under N.C. Gen. Stat. § 14-27.7A when the indictment for that charge was incomplete, not having alleged that defendant was at least six years older than C.J. Under *Williams, supra*, we must vacate this conviction as well.

The purpose of an indictment is to give a defendant notice of the crime for which he is being charged; and it has long been established that

[a]n indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in the event of conviction.

It is generally held that the language in a statutorily prescribed form of criminal pleading is sufficient if the act or omission is clearly set forth so that a person of common understanding may know what is intended.

*State v. Coker*, 312 N.C. 432, 434-35, 323 S.E.2d 343, 346 (1984) (citations omitted).

The indictment for case number 96CRS 5439 charged defendant with: "unlawfully, willfully and feloniously engag[ing] in a sex offense with [CJ], a child under the age of 16 years by force and against that

victim's will," (that is, first degree (forcible) sexual offense) as denoted under N.C. Gen. Stat. § 14-27.4. (1999). The indictment did not include, as part of its allegation, the age difference between victim and perpetrator as required under our statutory sexual offense statute, N.C. Gen. Stat. § 14-27.7A. However, the trial court's instructions to the jury were as follows:

> In case number 96-CRS-5439, the defendant . . . has been accused of sexual offense of a person who is 13, 14 or 15 years old with the victim [CJ] . . . . Now, I charge that for you to find the defendant guilty of sexual offense of a person who was 13, 14 or 15 years old, the State must prove three things beyond a reasonable doubt. First, that the defendant engaged in a sexual act with a victim. . . . Second, that at the time of the acts alleged, the victim was a child 13, 14 or 15 years old. And third, that at the time of the alleged offense, the defendant was at least six years older than the victim.

These instructions are proper for charging the jury on statutory sexual offense under N.C. Gen. Stat. § 14-27.7A, which requires that the perpetrator be at least six years older than the victim but *does not* require that the sexual act be done forcibly against the victim's will. Contrarily, the instructions are *not* proper for charging the jury on first degree sexual offense under N.C. Gen. Stat. § 14-27.4 which is forcible and against the victim's will. (*See State v. Johnson*, 226 N.C. 266, 37 S.E.2d 678 (1946), in a rape indictment (and jury instructions), the absence of "forcibly" and "against her will" is fatal.)

In its brief to this Court, the State concedes "that the indictment does not allege the Defendant's age vis-a-vis the victim's age," but argues that the lack thereof is neither error nor prejudicial to defendant. We disagree, finding that the age difference is one of the key differences between an indictment for statutory sexual offense and an indictment for forcible, first degree sexual offense. Thus the defendant lacked notice of the charge against him. Applying *Williams, supra*, we again find that by its failure to submit the proper jury instructions to the jury, the trial court effectively dismissed this charge. Therefore, we hold that where the jury is instructed and reaches its verdict on the basis of the elements set out in N.C. Gen. Stat. § 14-27.7A, but defendant was indicted and brought to trial on the basis of the elements set out in N.C. Gen. Stat. § 14-27.4, the indictment under which defendant was brought to trial cannot be considered valid and any judgment made thereon, must be vacated.

*Williams,* 318 N.C. at 628, 350 S.E.2d at 356. Such a mistake is plain error. *See Odom,* 307 N.C. 655, 300 S.E.2d 375 (1983).

**[3]** Thirdly, defendant assigns error to the trial court's failure to instruct the jury of the necessary elements for one of the five indecent liberties charges, specifically case number 97 CRS 6341. It is defendant's contention that by omitting the instruction, the trial court committed plain error and therefore, the conviction should be vacated. We again agree that *Williams* controls.

The State argues that the evidence presented at trial supports defendant's conviction of this charge. Moreover, since the jury had already been instructed on the other four indecent liberties charges, one of which was for the same victim (Tammy) as in this case, the State contends "the jury was fully and completely aware of the elements of the offense . . . ." The State further argues the trial judge's omission is harmless error because the omission was "overlooked by everyone—including Defendant"; that because the defendant failed to object at trial, N.C.R. App. P. 10(b)(2) applies and defendant has waived his right to raise the issue on appeal. In the interest of justice, we cannot agree.

The State contends that the record shows the indictment and the verdict sheet were completely consistent, thus the judge's omitting the jury instructions was harmless error. This argument is completely contrary to *State v. Williams,* 318 N.C. 624, 350 S.E.2d 353 (as discussed above), in which our Supreme Court held that a trial judge who instructs on a different charge than the one defendant is indicted on, has essentially dismissed the indictment. Granted, there were *no* instructions given on the charge in 97 CRS 6341. However, this Court has just vacated defendant's three convictions for first degree sexual offenses by necessarily applying *Williams,* and in all three of those instances, the defendant was indicted and found guilty for the same offense. Thus, as the State has argued, the indictments and the verdict sheets were completely consistent for those three charges. Nevertheless, to follow the State's reasoning that such consistency is all that should be necessary for us to affirm defendant's conviction, is completely against the fairness and justice upon which our judicial system is based. It is "more than erroneous; [it is] a basic violation of due process . . . ." *Williams,* 318 N.C. at 629, 350 S.E.2d at 356. We therefore hold that by *not* instructing the jury on case number 97 CRS 6341, the trial court effectively dismissed the indictment of the same. Thus, we vacate the trial court's judgment in case number 97 CRS 6341.

**[4]** We next address defendant's assigning error to the trial court's allowing the State to change the indictment in case number 98CRS 4124 to read "[SB]" from "[SR]" as victim. The State presented evidence that SB was adopted by her grandparents *after* the indictment had been issued against defendant. The State further points out to this Court that, at trial, defendant "specifically stated he had no objection to the change." However, arguing *State v. Abraham*, 338 N.C. 315, 451 S.E.2d 131 (1994) applies, defendant contends that the change in names ". . . 'substantially alter[ed] the charge set forth in the indictment.' " *Id.* at 340, 451 S.E.2d at 144 (quoting *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984)). We are unpersuaded by defendant's argument.

Under N.C.R. App. P. 10(a) and (b), where defendant did not object at trial to the State's request to change names on the indictment, ordinarily defendant would have failed to preserve the issue for this Court's review. Nevertheless, we recognize that our case law precedent is clear, that "[w]here an indictment charges the defendant with a crime against someone other than the actual victim, such a variance is fatal." *State v. Abraham*, 338 N.C. at 340, 451 S.E.2d at 144. However, in the case at bar, *at the time the indictment was issued,* SB *was* SR. The evidence revealed that it was only *after* the indictment—and due to the incidents leading up to the indictment—that SB's grandparents adopted her, giving her their last name, "B." Further, in the case at bar, the indictment and the proof were not at variance—tending to show that defendant sexually abused SB while she was still SR. *Id.* at 341, 451 S.E.2d at 144.

As noted earlier in this opinion, the purpose of an indictment is to give a defendant notice of the crime for which he is being charged. *State v. Coker*, 312 N.C. 432, 323 S.E.2d 343. Additionally, North Carolina case law has long held that "an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' " *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (quoting *State v. Carrington*, 35 N.C. App. 53, 58, 240 S.E.2d 475, 478, *disc. review denied*, 294 N.C. 737, 244 S.E.2d 155 (1978)).

Finding that the proof was in line with the indictment, we hold "the amendment to the indictment was permissible because it did not substantially alter the charge in the original indictment." *Id.* Defendant's assignment of error is thus overruled.

[5] We next address defendant's assigning error to the trial court's granting the State's motion for joinder. Under N.C. Gen. Stat. § 15A-926,

> Two or more offenses may be joined . . . for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. . . .

N.C. Gen. Stat. § 15A-926(a) (1999). Furthermore, this Court has held that:

> "In ruling upon a motion for joinder, the trial judge should consider whether the accused can be fairly tried upon more than one charge at the same trial. If such consolidation hinders or deprives the accused of his ability to present his defense, the cases should not be consolidated. [On appellate review,] [i]n determining whether defendant has been prejudiced, the question posed is whether the offenses are so *separate in time and place* and so *distinct in circumstances* as to render a consolidation unjust and prejudicial to an accused. However, it is well established that the motion to join is addressed to the sound discretion of the trial judge and his ruling will not be disturbed absent a showing of abuse of discretion. . . ."

*State v. Wilson,* 57 N.C. App. 444, 448, 291 S.E.2d 830, 832-33, *disc. review denied,* 306 N.C. 563, 294 S.E.2d 375 (1982) (emphasis added) (citations omitted) (quoting *State v. Clark,* 301 N.C. 176, 180, 270 S.E.2d 425, 428 (1980)).

The record reflects that at the time the State moved for joinder, the trial judge asked defendant for his argument against joinder. Stating only his objection to the motion, defendant offered no argument to support his objection, nor did he suggest to the court that joinder would prejudice him. Based on this Court's holding in *State v. Owens,* 135 N.C. App. 456, 520 S.E.2d 590 (1999), we find that although joinder of defendant's remaining four charges was error, it was not prejudicial to defendant.

In *Owens,* the defendant was indicted on numerous charges for sex offenses against his live-in girlfriend's three daughters over the course of seven years. The defendant there, as here, asserted that the trial court erred in allowing joinder of all the offenses. Upon appeal, Judge Robert Edmunds opined for the Court that:

Traditionally, North Carolina appellate courts have been willing to find a transactional connection in cases involving sexual abuse of children. . . .

. . .

[However,] the length of time between [the subject] offenses, along with the differing nature of most of the individual acts, indicates that defendant did not have a "single scheme or plan." N.C. Gen. Stat. § 15A-926(a). . . . [Therefore,] [i]n light of (1) the extended interval of as much as several years between some of these offenses and (2) the lack of a consistent pattern in defendant's molesting behavior, we hold that, as a matter of law, all of the charged acts did not constitute part of a single scheme or plan. *The trial court erred in joining the cases for trial.*

[Nonetheless,] [e]ven though the offenses were improperly joined, defendant has not articulated any resulting prejudice in his appellate brief, nor do we perceive any. If the offenses had not been joined, then at the trial of any one offense, evidence of the other molestations would have been admissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) (1992) to show "intent, plan or design." *Effler*, 309 N.C. at 752, 309 S.E.2d at 209. Such a Rule 404(b) "plan" may be established by a lower threshold of proof than that needed to establish the "series of acts or transactions connected together or constituting parts of a single scheme or plan," which must be shown for joinder of offenses for trial under section 15A-926(a). The very terms used in section 15A-926(a) requiring a "single scheme or plan," are more exacting than the term "plan" used in Rule 404(b). . . . [T]herefore[,] . . . a "plan" (Rule 404(b)) and a "single plan" (15A-926(a)) are not equivalent.

[However,] "[o]ur Court has been very liberal in admitting evidence of similar sex crimes in construing the exceptions to the general rule [of 404(b)]." *State v. Greene*, 294 N.C. 418, 423, 241 S.E. 2d 662, 665 (1978). While the admissibility of this evidence pursuant to Rule 404(b) is not conclusive evidence of the absence of prejudice, it is a factor that we may consider. *See Corbett*, 309 N.C. at 389, 307 S.E.2d at 144. There is no evidence defendant was "hindered or deprived of his ability to defend one or more of the charges." *Id.* (citation omitted). The trial court's error in joining the offenses for trial was harmless. . . .

*Owens*, 135 N.C. App. at 458-61, 520 S.E.2d at 592-94 (emphasis added).

In the present case, the record before us reveals that the crimes charged against defendant occurred over a period of twelve years, from 1984 to 1996, and involved three different victims (one being defendant's daughter, his niece and the third unrelated). Although all of the charges alleged sexual crimes against children, the evidence did not show that defendant went about committing them in any special way, or place. Thus, we find that "the length of time between [the subject] offenses, along with the differing nature of most of the individual acts, indicate that defendant did not have a 'single scheme or plan.' " *Id.* at 459, 520 S.E.2d at 593. Therefore, we hold that it was error for the trial court to allow joinder. However, applying *Owens*, we conclude that the trial court's error was not prejudicial, as

> [e]vidence of each of these offenses would have been admissible in the separate trials of the others in order to prove [modus operandi under Rule 404(b)]. . . .
>
> [Therefore,] [it] may be considered in determining whether the consolidation was unjust and prejudicial to the defendant. . . .

*State v. Corbett*, 309 N.C. 382, 388-89, 307 S.E.2d 139, 144 (1983).

We recognize that *Owens, supra,* does not stand for the proposition that cases which meet the requirements of 404(b) evidence may be joined for trial. Instead, a motion for joinder is controlled by the higher standard set out in N.C. Gen. Stat. § 15A-926(a). However, should the trial court allow joinder, and on appeal that joinder be deemed error, this Court should review any resulting prejudice with reference to Rule 404(b). *Id.* Defendant argued no prejudice at trial and his argument to this Court is based on the idea that "the jury apparently lumped all of the various charges together, to [defendant's] prejudice." However, defendant suggests no alternate outcome where the jury would have heard evidence of the other charges due to its being admitted under 404(b), but where the charges were not joined; neither do we find evidence in the record to show that the jury may have come to a different conclusion had the charges not been consolidated. Thus, we hold that joinder did not prejudice defendant and the trial court therefore did not commit plain error by allowing joinder.

[6] We next address defendant's assigning error to the trial court's denying his motion to set aside all the verdicts when it was found that

the jury had convicted him of case number 97 CRS 6341's indecent liberties charge without having been given instructions as to that offense. It is defendant's position that the jury's finding him guilty of 97 CRS 6341 is a direct result of its complete disregard for the trial court's instructions. Thus "[t]he entire result based on the jury's disregard for the court's instructions should be vacated," that is, *all* of the verdicts handed down should be vacated. We disagree.

Defendant offers no applicable criminal case law to support his contention. He cites *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982), a civil case in which the trial court *did* set aside the jury's verdict on the grounds that its damage award was excessive. In affirming the trial judge's ruling, our Supreme Court stated:

> It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge. . . .

*Id.* at 482, 290 S.E.2d at 602 (citations omitted). "In sum, it is plain that a trial judge's *discretionary* order pursuant to G.S. 1A-1, Rule 59 for or against a new trial upon *any* [emphasis in original] ground may be reversed on appeal *only* [emphasis added] in those exceptional cases where an abuse of discretion is clearly shown." *Id.* at 484, 290 S.E.2d at 603. We find nothing in the record at bar to "clearly show" an abuse of discretion on the part of the trial judge in his ruling to deny defendant's motion to set aside the verdicts. Our courts have long held that "the trial judge ha[s] a *manifest duty* to exercise such power to prevent injustice 'when in his opinion the verdict is not supported by the evidence or is against the weight of the evidence.' " *Id.* at 484, 290 S.E.2d at 603 (emphasis in original) (quoting *Edwards v. Upchurch*, 212 N.C. 249, 250, 193 S.E. 19, 19 (1937)). However here, the record contains substantial evidence upon which a jury could have found defendant guilty. Therefore, we find no error in the trial court's denial to set aside the verdicts.

[7] Defendant next assigns error to the trial court's sustaining the State's objection to the speculative testimony of its own witness, Dr. Ammar, during cross-examination by the defendant. We find no error.

The State introduced Dr. Ammar to the court as an obstetrician/gynecologist in private practice who regularly examined children for possible sexual abuse. Defendant did not object to the court's receiving Dr. Ammar as such. On *voir dire*, Dr. Ammar testified that he had examined CJ and found that her hymen was not intact, thus, he was certain "penetration happened one way or another." However, due to the lack of bruising or lacerations found on CJ, Dr. Ammar stated that he was unable to say for "certain" that CJ had been sexually abused. Instead, Dr. Ammar opined that it was "possible" that CJ had been sexually abused. The State objected to Dr. Ammar's testimony as to any issue about which he was uncertain and the trial court ruled that Dr. Ammar could only testify as to that which he was certain. Defendant objected to the trial court's refusal to allow the jury to hear that Dr. Ammar was uncertain as to whether CJ had been sexually abused.

In *State v. Clark*, 324 N.C. 146, 377 S.E.2d 54 (1989), our Supreme Court held that the trial court properly excluded expert testimony which would not have assisted the jury to understand evidence or to determine any fact in issue. Furthermore, this Court has held that where an expert is simply speculating as to the cause of an injury— having no medical ground upon which to base his opinion—he is no better qualified than the jury to have an opinion. Thus, exclusion of that portion of his testimony is proper. *State v. Marshall*, 92 N.C. App. 398, 374 S.E.2d 874 (1988), *cert. denied*, 328 N.C. 273, 400 S.E.2d 459 (1991). Therefore, we hold that since Dr. Ammar could not, with relative certainty, state the cause or circumstances of CJ's penetration, the trial court properly excluded his speculative testimony.

**[8]** Finally, we do not reach defendant's assigning error to the trial court's failure to instruct the jury as to which of the incidents involving Tammy were the basis of the charges against defendant and which were admitted under N.C.R. Evidence 404(b), because it was improperly preserved. Regarding jury instructions, N.C.R. App. P. 10(b)(2) specifically requires a defendant to "stat[e] distinctly that to which he objects and the grounds of his objection" in order to preserve that objection for appellate review. The trial court followed the model jury instructions for 404(b) evidence, and gave each party the opportunity to be heard accordingly. However, the record is devoid of any evidence of defendant's reasoning for objecting to the 404(b) instructions, revealing only defendant's argument that "[t]he acts are not similar. I heard nothing between the two ladies' testimony that sounded like similar acts, and they were far removed in time. And the

defendant objects to consolidating the cases for trial and allowing the similar acts instruction to be given." Thus, it is clear from the record that although defendant categorized his objection as that against the 404(b) evidence, in fact defendant's objection was clearly against joinder. Therefore, defendant has failed to preserve his right to argue this issue on appeal, and we decline to address it under this standard. *State v. Morgan*, 315 N.C. 626, 340 S.E.2d 84. *See also State v. Eason*, 328 N.C. 409, 402 S.E.2d 809 (1991). Furthermore, our review of the record finds no error in the trial court's jury instruction regarding the 404(b) evidence—plain or otherwise.

Defendant's judgments in case numbers: 96CRS 5439, 97 CRS 6333, 6341, 6336 and 6338 are vacated. In defendant's remaining judgments, case numbers: 96CRS 5440, 97 CRS 6344, 6346 and 98CRS 4124, we find no prejudicial error. However, we remand case numbers: 96CRS 5440, 97 CRS 6344 and 97 CRS 6346 for resentencing due to those sentences being combined with judgments now vacated. The judgment in case number 98CRS 4124 stands. Thus the trial court's judgment is

Vacated and remanded in part, no prejudicial error in part.

Judges WYNN and MARTIN concur.