BRYANT, Judge.
 

 *351
 
 Defendant Albert Lewis Speas appeals from judgment entered upon his conviction for felonious larceny. After careful review, we find no error.
 

 On 14 February 2017, defendant was indicted for felonious larceny and felonious possession of stolen goods. The larceny indictment specifically alleged that defendant "unlawfully, willfully and feloniously
 
 *352
 
 did steal, take and carry away one (1) television, the personal property of Sears Roebuck and Company, having a value of One Thousand Six Hundred Ninety-Nine Dollars and Ninety-Nine Cents ($1,699.99)." Defendant was also indicted for having attained habitual felon status.
 

 On 10 October 2017, defendant was convicted by a jury of both felonious larceny and felonious possession of stolen goods. The trial court arrested judgment on the charge of possession of stolen goods. Defendant subsequently pled guilty to having attained the status of an habitual felon. The trial court
 
 *550
 
 sentenced defendant to a term of 89 to 119 months imprisonment. Defendant appeals.
 

 _________________________
 

 On appeal, defendant's sole argument is that the indictment for larceny is fatally defective because it does not allege that "Sears Roebuck and Company" was an entity capable of owning property. We disagree.
 

 "It is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony."
 
 State v. Abraham
 
 ,
 
 338 N.C. 315
 
 , 339,
 
 451 S.E.2d 131
 
 , 143 (1994) (citation and quotation marks omitted). "The purpose of an indictment is to give a defendant notice of the crime for which he is being charged[.]"
 
 State v. Bowen
 
 ,
 
 139 N.C. App. 18
 
 , 24,
 
 533 S.E.2d 248
 
 , 252 (2000). An "indictment must allege all of the essential elements of the crime sought to be charged."
 
 State v. Westbrooks
 
 ,
 
 345 N.C. 43
 
 , 57,
 
 478 S.E.2d 483
 
 , 492 (1996) (citation omitted). Lack of jurisdiction in the trial court due to a fatally defective indictment requires the appellate court to arrest judgment or vacate any order entered without authority.
 
 State v. Hicks
 
 ,
 
 148 N.C. App. 203
 
 , 205,
 
 557 S.E.2d 594
 
 , 596 (2001).
 

 Here, defendant was indicted for felonious larceny. The essential elements of larceny are: (1) the taking of the property of another; (2) carrying it away; (3) without the owner's consent; and (4) with the intent to permanently deprive the owner of the property.
 
 State v. Perry
 
 ,
 
 305 N.C. 225
 
 , 233,
 
 287 S.E.2d 810
 
 , 815 (1982),
 
 overruled on other grounds by
 

 State v. Mumford
 
 ,
 
 364 N.C. 394
 
 ,
 
 699 S.E.2d 911
 
 (2010) ;
 
 see also
 

 N.C. Gen. Stat. § 14-72
 
 (2017). "To be sufficient, an indictment for larceny must allege the owner or person in lawful possession of the stolen property. If the entity named in the indictment is not a person, it must be alleged that the victim was a legal entity capable of owning property[.]"
 
 State v. Phillips
 
 ,
 
 162 N.C. App. 719
 
 , 720-21,
 
 592 S.E.2d 272
 
 , 273 (2004) (alteration in original) (internal citations and quotation marks omitted). "If the property alleged to have been stolen ... is the property of a corporation, the name of the corporation should be given, and the fact that it is a
 
 *353
 
 corporation stated, unless the name itself imports a corporation."
 
 State v. Thornton
 
 ,
 
 251 N.C. 658
 
 , 662,
 
 111 S.E.2d 901
 
 , 903 (1960) (internal citation and quotation marks omitted).
 

 The instant indictment charges defendant with larceny of the personal property of "Sears Roebuck and Company." Defendant contends that this is insufficient because, although the indictment contains the word "company," it does not identify "Sears Roebuck and Company" as a company or other corporate entity. We are not persuaded.
 

 In
 
 Thornton
 
 , the North Carolina Supreme Court determined that an indictment which alleged defendant embezzled money belonging to "The Chuck Wagon" was insufficient because it failed to sufficiently identify "The Chuck Wagon" as a corporation, and the name itself did not import a corporation.
 
 Id.
 
 at 662,
 
 111 S.E.2d at 904
 
 ,
 
 251 N.C. 658
 
 . By contrast, here, the word "company" is part of the name of the property owner, "Sears Roebuck
 
 and Company
 
 ." Our Supreme Court has stated "the words 'corporation,' 'incorporated,' 'limited,' or '
 
 company
 
 ,' or their abbreviated form, sufficiently identify a corporation in an indictment."
 
 State v. Campbell
 
 ,
 
 368 N.C. 83
 
 , 86,
 
 772 S.E.2d 440
 
 , 443 (2015) (emphasis added) (citing
 
 Thornton
 
 ,
 
 251 N.C. at 662
 
 ,
 
 111 S.E.2d at
 
 904 );
 
 see also
 

 State v. Cave
 
 ,
 
 174 N.C. App. 580
 
 , 583,
 
 621 S.E.2d 299
 
 , 301 (2005) (concluding that an indictment was sufficient because the name "N.C. FYE, Inc." imports a corporation).
 

 Therefore, we conclude the name of the property owner named in the indictment, "Sears Roebuck and Company," was sufficient itself to " 'import[ ] an association or a corporation capable of owning property.' "
 
 Id.
 
 at 83,
 
 772 S.E.2d at 444
 
 (quoting
 
 Thornton
 
 ,
 
 251 N.C. at 661
 
 ,
 
 111 S.E.2d at
 
 903 ). Accordingly, we hold the larceny indictment here is valid on its face.
 

 NO ERROR.
 

 Judges BERGER and MURPHY concur.