STATE OF NORTH CAROLINA v. TIASEER JANIL RAMBERT

No. 482PA94

(Filed 28 July 1995)

1. **Assault and Battery § 80 (NCI4th); Constitutional Law § 177 (NCI4th)— discharging firearm into occupied vehicle—three shots—three convictions—no double jeopardy violation**

The conviction and sentencing of defendant for three counts of discharging a firearm into occupied property did not violate double jeopardy principles, although the three indictments were identical and did not describe in detail the specific events or evidence that would be used to prove each count, where the evidence showed that defendant fired three shots from one pistol into the victim's occupied automobile within a short period of time; each act was distinct in time and required that defendant employ his thought process each time he fired his weapon; each shot struck the vehicle in a different place; and defendant was thus not charged three times with the same offense for the same act.

**Am Jur 2d, Assault and Battery §§ 90, 91; Criminal Law § 277.**

2. **Weapons and Firearms § 24 (NCI4th)— going armed to terror of people—indictment insufficient for felony—remand for resentencing as misdemeanor**

While the Court of Appeals was correct in reversing defendant's felony conviction for the common law offense of going armed to the terror of the people because the allegations of the indictment were insufficient to elevate the misdemeanor charge to a felony, the Court of Appeals erred by failing to instruct the trial court, upon remand, to enter judgment on the conviction as a misdemeanor.

**Am Jur 2d, Weapons and Firearms § 29.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 116 N.C. App. 89, 446 S.E.2d

599 (1994), setting aside judgments entered upon defendant's convictions of three counts of discharging a firearm into occupied property and one count of going armed to the terror of the people by Brannon, J., at the 26 July 1993 Criminal Session of Superior Court, Onslow County, and remanding for resentencing. Heard in the Supreme Court 14 April 1995.

*Michael F. Easley, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.*

*David L. Best for defendant-appellee.*

FRYE, Justice.

On 29 July 1993, defendant was convicted of going armed to the terror of the people, assault with a deadly weapon, and three counts of discharging a firearm into occupied property. The trial court sentenced defendant to three years' imprisonment for going armed to the terror of the people, which the court treated as a Class H felony, and to a concurrent term of two years' imprisonment for assault with a deadly weapon, which was not appealed to this Court. The trial court consolidated the three convictions of discharging a firearm into occupied property and sentenced defendant to seven years for this offense; this sentence was to run consecutive to the previous sentences.

Defendant appealed to the Court of Appeals, arguing that evidence that he fired three shots from one gun into occupied property within a short period of time would support a conviction and sentence on only one count, not three counts, of discharging a firearm into occupied property and, furthermore, that by convicting and sentencing him for three counts, the trial court violated double jeopardy principles. Defendant also contended that the trial court erred in elevating the common law misdemeanor of going armed to the terror of the people to a Class H felony. The Court of Appeals agreed with defendant on both issues. As such, that court reversed defendant's Class H felony conviction for going armed to the terror of the people and reversed defendant's separate convictions for discharging a firearm into occupied property. The case was remanded for resentencing.

The State's petition for discretionary review was granted by this Court to review two issues. First, the State contends that the Court of Appeals erred in concluding that defendant could be convicted of and

sentenced for only one count of discharging a firearm into occupied property. Second, while the State concedes that the Court of Appeals did not err in reversing defendant's conviction of a Class H felony for going armed to the terror of the people, the State asserts that the Court of Appeals erred in not remanding this case for the entry of judgment on the offense as a misdemeanor. We agree.

[1] The first issue before this Court is whether, under the facts of this case, it is a violation of double jeopardy principles to convict and sentence defendant for three counts of discharging a firearm into occupied property in violation of N.C.G.S. § 14-34.1. Both the North Carolina and the United States Constitutions provide that no person may be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend. V; N.C. Const. art. I, § 19.[1] The constitutional guaranties against double jeopardy consist of three separate protections, including the protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 104 L. Ed. 2d 865 (1989); *see generally State v. Gardner*, 315 N.C. 444, 340 S.E.2d 701 (1986); *State v. Murray*, 310 N.C. 541, 313 S.E.2d 523 (1984), *overruled on other grounds by State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988).

As the Court of Appeals stated in *State v. Lewis*, 32 N.C. App. 298, 301, 231 S.E.2d 693, 694 (1977), "[f]or a plea of former jeopardy to be good it must be grounded on the 'same offense' *both in law and in fact*." (Emphasis added.) As such, when a court is determining whether a second indictment places the defendant in double jeopardy, the court must examine the law under which the charges are being brought and the facts underlying each count.

The State indicted defendant, in three separate indictments, on three counts of violating N.C.G.S. § 14-34.1. The elements of this offense are (1) willfully and wantonly discharging (2) a firearm (3) into property (4) while it is occupied. *State v. Jones*, 104 N.C. App. 251, 409 S.E.2d 322 (1991). Each indictment charged that defendant

unlawfully, willfully and feloniously discharge[d] a firearm, to wit: a handgun, into a 1984 Honda Civic . . . , a vehicle owned by

---

1. The North Carolina Constitution does not have a Double Jeopardy Clause, but the protection against double jeopardy has been considered an integral part of the Law of the Land Clause. *State v. Ballard*, 280 N.C. 479, 186 S.E.2d 372 (1972). Also, the United States Supreme Court has held that the Double Jeopardy Clause of the United States Constitution is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707 (1969).

John L. Dillahunt and located at the New River Piggly Wiggly store parking lot in Jacksonville, North Carolina, while it was actually occupied by John L. Dillahunt.

These indictments were identical and did not describe in detail the specific events or evidence that would be used to prove each count. However, N.C.G.S. § 15A-924 does not require that an indictment contain any information beyond the specific facts that support the elements of the crime. N.C.G.S. § 15A-924(a)(5) (1989) (requiring that criminal pleadings contain a "plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting each element of a criminal offense"). In interpreting this statute, we have stated that indictments need only allege the ultimate facts constituting each element of the criminal offense. State v. Palmer, 293 N.C. 633, 239 S.E.2d 406 (1977). Because a very detailed account is not necessary for legally sufficient indictments, examination of the indictments is not always dispositive on the issue of double jeopardy.

Examination of the facts underlying each charge, however, more accurately illustrates whether defendant has been placed in double jeopardy. In this case, the evidence clearly shows that defendant was not charged three times with the same offense for the same act but was charged for three separate and distinct acts.

The State's evidence at trial tended to show the following facts. On 25 May 1992, John Dillahunt was sitting in his Honda Civic automobile which was parked in the parking lot of the Piggly Wiggly store in the New River Shopping Center in Jacksonville, North Carolina. Defendant, with whom Dillahunt previously had a number of verbal altercations, was riding in an automobile that pulled into a parking space next to the space where Dillahunt's automobile was parked. Defendant and Dillahunt exchanged a few words until defendant produced a gun. After seeing the gun, Dillahunt ducked down in his automobile, and a bullet entered the front windshield of the vehicle. Dillahunt then drove forward, and another bullet struck the passenger door of his vehicle. At this time, Dillahunt and defendant were approximately ten yards apart. Defendant pursued Dillahunt and fired a third shot, which lodged in the rear bumper of Dillahunt's automobile. Additional shots were fired during the chase that ensued, but none of these shots struck Dillahunt's vehicle.

As the trial court properly noted, defendant's actions were three distinct and, therefore, separate events. Each shot, fired from a pis-

**STATE v. RAMBERT**

[341 N.C. 173 (1995)]

tol, as opposed to a machine gun or other automatic weapon, required that defendant employ his thought processes each time he fired the weapon. Each act was distinct in time, and each bullet hit the vehicle in a different place. This decision is consistent with prior case law. *See State v. Irick*, 291 N.C. 480, 231 S.E.2d 833 (1977) (holding that the defendant was not placed in double jeopardy where he was convicted and sentenced on two counts of assault after he fired one shot at two police officers).

Having examined the indictments and the underlying facts of each conviction, we conclude that defendant's conviction and sentencing on three counts of discharging a firearm into occupied property did not violate double jeopardy principles.

[2] The second issue before this Court concerns the Court of Appeals' reversal of defendant's felony conviction for going armed to the terror of the people on the grounds that the charge was improperly elevated to a felony. Upon reversing the trial court's felony conviction, the Court of Appeals remanded the case to the trial court without specific instructions. The State agrees that the allegations of the indictment were insufficient to elevate to a felony the common law misdemeanor of going armed to the terror of the people. However, the State contends that the Court of Appeals erred by failing to instruct the trial court, upon remand, to enter judgment on the conviction as a misdemeanor. We agree. *See State v. Glidden*, 317 N.C. 557, 346 S.E.2d 470 (1986) (case remanded to the Court of Appeals for further remand for entry of judgment and resentencing as a misdemeanor where defendant's felony conviction was vacated because the offense was improperly elevated to a felony).

For the foregoing reasons, we reverse the Court of Appeals on the issue of defendant's three convictions for discharging a firearm into occupied property and remand to that court for remand to the trial court for reinstatement of the judgments. On the issue of the charge of going armed to the terror of the people, we remand this case to the Court of Appeals for further remand to the trial court for judgment and sentencing on that offense as a misdemeanor.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.