**STATE v. GALLOWAY**

[226 N.C. App. 100 (2013)]

Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

*Id.*

━━━━━━━━━

STATE OF NORTH CAROLINA
v.
MICHAEL WAYNE GALLOWAY

No. COA12-1049

Filed 19 March 2013

1. **Indictment and Information—insufficient—discharging a firearm into an occupied vehicle in operation—sufficient to support lesser offense**

An indictment charging defendant with discharging a firearm

into an occupied vehicle in operation was insufficient to support his conviction. The indictment failed to allege that the vehicle was "in operation" and was sufficient only to support a conviction as to the lesser offense of discharging a firearm into an occupied vehicle.

2. **Crimes, Other—discharging a firearm into an occupied vehicle in operation—sufficient evidence**

The trial court did not err in a discharging a firearm into an occupied vehicle in operation case by denying defendant's motion to dismiss. The State presented sufficient evidence of each element of the offense and that defendant was the perpetrator.

Appeal by Defendant from judgment entered 13 April 2012 by Judge William Z. Wood, Jr., in Stokes County Superior Court. Heard in the Court of Appeals 14 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Kevin G. Mahoney, for the State.*

*Bushnaq Law Office, PLLC, by Faith S. Bushnaq, for Defendant.*

DILLON, Judge.

On 13 April 2012, Michael Wayne Galloway (Defendant) was convicted by a jury of discharging a firearm into an occupied vehicle in operation, a Class D felony pursuant to N.C. Gen. Stat. § 14-34.1(b), in addition to three other charges. Defendant appeals only from his conviction for discharging a firearm into an occupied vehicle in operation. Defendant contends (1) that the indictment was insufficient to support his conviction because it failed to allege that the vehicle was "in operation"; and (2) that the trial court erred in denying his motion to dismiss this charge for insufficiency of the evidence. We hold that the indictment was sufficient only to support a conviction as to the lesser offense of discharging a firearm into an occupied vehicle, a Class E felony under N.C. Gen. Stat. § 14-34.1(a), and we accordingly vacate and remand to the trial court for entry of judgment as to this lesser offense. We find no error in the trial court's denial of Defendant's motion to dismiss.

I. Factual & Procedural Background

The evidence at trial tended to show the following: On 18 August 2011, Bradley Heath (Mr. Heath) was driving home from work in Walnut

Cove, North Carolina, when he observed a dog in the middle of the intersection of Dodgetown Road and Highway 89. Both his driver side and passenger windows were open. Mr. Heath stopped at the intersection and waited for the dog to move out of the road. Mr. Heath then observed Defendant walking along the side of the road with a grocery bag in one hand. Defendant "said something to the dog and the dog came off the side of the road towards him." Defendant then looked at Mr. Heath and said, "You run over that . . . dog, I'll kill you." Mr. Heath responded that he wasn't going to hit the dog, but that he was merely "waiting on the dern thing to get out of the road so [that he could] go home." Mr. Heath testified that as he proceeded through the intersection, he "look[ed] back" and, "out of the corner of [his] eye[,]" observed Defendant pull "a small object . . . out of his pocket [which] he [then] shot" in the direction of Mr. Heath's vehicle, producing a visible "flame." Mr. Heath further testified that he knows "what a gun sounds like" based upon his experience with firearms and that he believed that Defendant had fired "a small caliber type gun because of the flash" and because of the sound emitted from the object. Defendant testified that he had set off a bottle rocket, not a firearm, and that he did not even own a firearm.

Mr. Heath contacted the police upon returning home that day to report the incident. Deputy Samuel Pegram (Deputy Pegram) of the Stokes County Sheriff's Office responded to Mr. Heath's 911 call and subsequently located Defendant "sitting off the side of the road beside a large flower pot" by a residence near where the alleged shooting had occurred. Deputy Pegram recovered a .22 caliber pistol from the flower pot and noted that one round had been fired. However, no bullet holes were found in Mr. Heath's vehicle or in the area where Defendant had purportedly fired a weapon.

At the close of all the evidence, Defendant moved to dismiss the charge of discharging a firearm into a vehicle in operation, arguing that even if the windows in Mr. Heath's vehicle had been down at the time of the alleged shooting, it would have been "virtually impossible" for a bullet to have passed through the cabin of the vehicle — based upon where Defendant was standing — without making contact with either Mr. Heath or the vehicle. However, the trial court concluded that there was sufficient evidence to submit the charge to the jury and denied the motion.

After the jury returned guilty verdicts on all charges, the trial court sentenced Defendant for each conviction, including a sentence within the presumptive range of 103 months to 133 months for discharging a firearm into an occupied vehicle in operation. Defendant appeals.

## II. Analysis

### A. Jury Instructions/Indictment

[1] Defendant first contends that the trial "court erred by instructing the jury, and accepting its verdict of guilty, for the offense of shooting into an occupied vehicle *in operation*, a crime for which [Defendant] was not indicted." (Emphasis added).

N.C. Gen. Stat. § 15A-924(a)(5) requires that an indictment set forth the following:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C. Gen. Stat. § 15A-924(a)(5) (2011); *see also State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) ("An indictment charging a statutory offense must allege all of the essential elements of the offense."). "It is well settled that 'a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.'" *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143 (1994) (citation omitted). Lack of jurisdiction in the trial court due to a fatally defective indictment requires "'the appellate court . . . to arrest judgment or vacate any order entered without authority.'" *State v. Petersilie*, 334 N.C. 169, 175, 432 S.E.2d 832, 836 (1993) (citation omitted).

Here, Defendant was charged with the offense of discharging a firearm into an occupied vehicle under N.C. Gen. Stat. § 14-34.1, which consists of three subsections:

> (a) Any person who willfully or wantonly discharges or attempts to discharge any firearm or barreled weapon . . . into any building, structure, vehicle, aircraft, watercraft, or other conveyance, device, equipment, erection, or enclosure while it is occupied is guilty of a Class E felony.

> (b) A person who willfully or wantonly discharges a weapon described in subsection (a) of this section into an occupied dwelling or into any occupied vehicle, aircraft, watercraft, or other conveyance that is *in operation* is guilty of a Class D felony.

(c) If a person violates this section and the violation re-
sults in serious bodily injury to any person, the person is
guilty of a Class C felony.

N.C. Gen. Stat. § 14-34.1 (2011) (emphasis added). The trial court
instructed the jury on the offense of discharging a firearm into a vehicle
"that is in operation" under subsection (b), *supra*, and the jury returned
a verdict convicting Defendant of that offense. Defendant now argues,
in substance, that this conviction cannot stand because the charging in-
dictment failed to specify that the vehicle was "in operation" at the time
in question. We agree.

The indictment at issue reads as follows:

THE JURORS FOR THE STATE upon their oath present
that on or about the 18th day of August, 2011 in the county
named above, [Defendant] unlawfully, willfully, and feloni-
ously did discharge a .22 caliber revolver, a firearm, into a
2000 Ford F-350 pick-up truck, a vehicle, at the intersec-
tion of Dodgetown Road and Highway 89 East in Walnut
Cove, North Carolina, while it was actually occupied by
Bradley Austin Heath."

The indictment is captioned "DISCHARGING INTO OCCUPIED
DWELLING/CONVEYENCE (CL.D)" and describes the charged offense
as an "Offense in Violation of G.S. 14-34.1."

We conclude that the indictment failed to properly allege the offense
described under N.C. Gen. Stat. § 14-34.1(b), as it failed to specify that
the vehicle was "in operation" at the time in question. The critical dis-
tinction between the Class E felony offense described under N.C. Gen.
Stat. § 14-34.1(a) and the Class D felony offense described under N.C.
Gen. Stat. § 14-34.1(b) is that the latter, elevated offense requires an ad-
ditional element, namely that the vehicle be "in operation" at the time of
the shooting. Here, the indictment's failure to draw this distinction by
including the requisite "in operation" element rendered it insufficient to
charge the elevated offense. Neither the language of the indictment – for
instance, its placement of the vehicle "at the intersection of Dodgetown
Road and Highway 89 East" – nor the caption's reference to a Class D
felony with the notation "CL.D" cures this defect. Thus, the trial court's
instruction on the charge of discharging a firearm into a vehicle in opera-
tion was error.

This Court's prior ruling in *State v. Rodriguez*, 192 N.C. App. 178, 664
S.E.2d 654 (2008), dictates our disposition of this issue. In *Rodriguez*,

**STATE v. GALLOWAY**

[226 N.C. App. 100 (2013)]

the defendant appealed from his two first degree kidnapping convictions, contending that the indictments were insufficient to support those convictions because they lacked the language required to elevate a kidnapping charge from second degree to first degree. *Id.* at 184-85, 664 S.E.2d at 658-59. This Court agreed and held as follows:

> Because the indictments did not clearly allege the essential elements of first degree kidnapping - that the victims were seriously injured or not released in a safe place - they are insufficient to charge kidnapping in the first degree. *However, the indictments are valid for second degree kidnapping. Because the jury found all of the elements of second-degree kidnapping beyond a reasonable doubt by virtue of its guilty verdict of first degree kidnapping, defendant stands convicted of second degree kidnapping under this indictment.*

*Id.* at 185, 664 S.E.2d at 659 (emphasis added).

Here, the jury found all of the elements for the Class E felony offense of discharging a firearm into an occupied vehicle by virtue of its guilty verdict on the Class D felony charge of discharging a firearm into an occupied vehicle in operation. Thus, we conclude that the indictment at issue was sufficient to convict Defendant of the offense of discharging a firearm into a vehicle under N.C. Gen. Stat. § 34-14.1(a). We accordingly hold that the judgment for discharging a firearm into an occupied vehicle in operation under N.C. Gen. Stat. § 34-14.1(b) must be arrested, and we remand to the trial court for resentencing on the lesser offense of discharging a firearm into an occupied vehicle under N.C. Gen. Stat. § 14-34.1(a).[1] *See State v. Moore,* 316 N.C. 328, 336-37, 341 S.E.2d 733, 739 (1986); *Rodriguez,* 192 N.C. App. at 185, 664 S.E.2d at 659.

---

1. We note Defendant's contention that the trial court committed plain error by instructing the jury that it could find Defendant guilty of discharging a firearm into a vehicle in operation and that, as a result, this Court is required to vacate his conviction. Defendant relies primarily upon *State v. Williams,* 318 N.C. 624, 350 S.E.2d 353 (1986), and *State v. Bowen,* 139 N.C. App. 18, 533 S.E.2d 248 (2000), in support of this contention. However, both *Williams* and *Bowen* involved instances where the offenses for which the defendant had been indicted consisted of elements distinct from the elements of the offenses for which the trial court instructed the jury. *Williams,* 318 N.C. at 624, 631-32, 350 S.E.2d at 354, 357-58 (finding plain error and vacating forcible rape conviction where the jury was erroneously instructed on statutory rape, an offense which was unsupported by the indictment); *Bowen,* 139 N.C. App. at 23-24, 533 S.E.2d at 252 (vacating first-degree sexual offense convictions where the trial court committed plain error by instructing the jury on statutory sexual offense, instead of first degree sexual offense, as charged in the indictments). The guilty verdicts returned by the juries in those

### B. Sufficiency of the Evidence

**[2]** Defendant next contends that the trial court erred in denying his motion to dismiss for insufficiency of the evidence because "it was physically impossible for [Defendant] to have fired the shot as [Mr. Heath] speculated." We disagree.

"When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The trial court should grant the defendant's motion to dismiss "[i]f the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it." *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982).

"The elements of discharging a firearm into occupied property are '(1) willfully and wantonly discharging (2) a firearm (3) into property (4) while it is occupied.'" *State v. Dubose*, 208 N.C. App. 406, 409-10, 702 S.E.2d 330, 333 (2010) (quoting *State v. Rambert*, 341 N.C. 173, 175, 459 S.E.2d 510, 512 (1995)); *see also* N.C. Gen. Stat. § 14–34.1. In determining whether substantial evidence of each element exists, we must view the evidence "in the light most favorable to the State[,] . . . [and] the State is entitled to . . . every reasonable inference to be drawn therefrom[.]" *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). Conflicting testimony, contradictions, and discrepancies are factual determinations to be resolved by the jury and do not require dismissal. *State v. Prush*, 185 N.C. App. 472, 478, 648 S.E.2d 556, 560 (2007). However, whether substantial evidence exists as to each element of the charged offense is a question of law. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). Accordingly, we review the trial court's denial of Defendant's motion to dismiss *de novo*. See *State v. McNeil*, 209 N.C. App. 654, 659, 707 S.E.2d 674, 679 (2011).

Here, viewing the evidence in the light most favorable to the State, we conclude that there existed substantial evidence of each of the

cases were thus unsupported by the indictments. Here, in contrast, the jury found all of the elements of the Class E felony offense of discharging a firearm into an occupied vehicle, and the indictment upon which Defendant was charged supported the jury's guilty verdict. As such, the proper remedy is to vacate the existing judgment and remand to the trial court for entry of judgment convicting Defendant of this lesser offense.

elements of the charged offense. Defendant contends that it would have been physically impossible for him to shoot into Mr. Heath's vehicle based upon where he was standing at the time of the shooting; however, based on the evidence in the record, Defendant's position relative to the vehicle at the time of the shooting was a factual determination reserved for the jury. *See State v. Miller*, 289 N.C. 1, 4, 220 S.E.2d 572, 574 (1975) ("What the evidence proves [or] fails to prove is a question of fact for the jury."). While it is true, as Defendant points out, that "no bullet holes were found anywhere in the vehicle" and that no "[b]ullet casings [or] bullets were [] found in nearby trees or on the road[,]" Defendant's argument ignores evidence from which a reasonable jury could conclude that Defendant fired into Mr. Heath's vehicle. *See State v. Hines*, 166 N.C. App. 202, 205, 600 S.E.2d 891, 894 (2004) (holding that the trial court correctly denied defendant's motion to dismiss charge of robbery with a dangerous weapon where the "testimony would permit a reasonable jury to infer the existence of a dangerous weapon"). For instance, citing his experience with firearms, Mr. Heath testified unequivocally that, on the date in question, Defendant removed a "small caliber gun" from his pocket and fired it in the direction of his vehicle:

> [Prosecutor:] So with your experience in guns, you know what it was.
>
> [Mr. Heath:] Yes, sir.
>
> [Prosecutor:] And what was it?
>
> [Mr. Heath:] It was [a] pistol; a small, small caliber gun.
>
> [Prosecutor:] And it was shot at you.
>
> [Mr. Heath:] Correct. The flame, I seen the flame out of the barrel into my direction.

Mr. Heath also testified that the windows in his vehicle were down at the time of the incident. Moreover, one round had been fired from the firearm — a .22 caliber pistol — recovered near Defendant at the time of his arrest. Based on this evidence, a jury could reasonably infer that Defendant discharged a firearm into Mr. Heath's vehicle; and, having reached this determination, we again stress that whether the bullet fired actually passed through the cabin of Mr. Heath's vehicle was a question for the jury. *See Withers v. Lane*, 144 N.C. 184, 187, 56 S.E. 855, 856 (1907) (explaining that it is "the true office and province of the jury to weigh the testimony and decide upon its adequacy to establish any issuable fact").

Defendant does not contend that the State failed to meet its burden in establishing the remaining elements of the charged offense.[2] *See* N.C. R. App. P. 28(b)(6) (2013) (providing that "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned"). Accordingly, we hold that the trial court did not err in denying Defendant's motion to dismiss.

## III. Conclusion

For the foregoing reasons, we vacate the judgment convicting Defendant of discharging a firearm into an occupied vehicle in operation and remand to the trial court for entry of judgment as to the lesser offense of discharging a firearm into an occupied vehicle, as described in N.C. Gen. Stat. § 14-34.1(a). Furthermore, we find no error in the trial court's denial of Defendant's motion to dismiss.

VACATED and REMANDED in part; NO ERROR in part.

Judges STEPHENS and STROUD concur.

---

2. Defendant's contention on this issue focuses upon the "physical impossibility" of Defendant shooting into Mr. Heath's vehicle. Defendant does not challenge the State's evidence with respect to the remaining elements of the offense, i.e., whether the shooting was "willful and wanton," whether Defendant in fact discharged a "firearm," or whether the vehicle was occupied at the time of the shooting. *See State v. Rambert*, 341 N.C. at 175, 459 S.E.2d at 512; N.C. Gen. Stat. § 14–34.1. With respect to whether Defendant discharged a firearm, we note Defendant's statement in his brief that "[t]aken in the light most favorable to the State, . . . [Defendant] shot a handgun rather than setting off a bottle rocket[.]"