IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-66

 Filed: 1 October 2019

Wilkes County, Nos. 16 CRS 54383, 16 CRS 53498, 17 CRS 436

STATE OF NORTH CAROLINA

 v.

MICHAEL DENNIS MILLER

 Appeal by Defendant from Judgments entered 13 September 2018 by Judge

Angela B. Puckett in Wilkes County Superior Court. Heard in the Court of Appeals

21 August 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Jason
 Caccamo, for the State.

 Richard Croutharmel for defendant-appellant.

 HAMPSON, Judge.

 Facts and Procedural History

 Michael Dennis Miller (Defendant) appeals from Judgments entered upon his

convictions for Assault with a Deadly Weapon Inflicting Serious Injury, Possession of

a Firearm by a Felon, Discharge of a Weapon into an Occupied Vehicle in Operation

Inflicting Serious Bodily Injury, and Discharge of a Weapon into an Occupied Vehicle

in Operation. On appeal to this Court, Defendant challenges only the trial court’s
 STATE V. MILLER

 Opinion of the Court

imposition of judgment and sentencing on Discharging a Weapon into an Occupied

Vehicle in Operation. The Record before us tends to show the following:

 On 17 December 2016, Defendant, along with his girlfriend Jarrita Roark,

Derek Osborne, and Jennifer Martin, attended a holiday party. On 18 December

2016, Defendant and Roark left the party around 1:30 A.M. and returned to Roark’s

house. Osborne and Martin arrived soon after. Defendant and Osborne remained

outside on the porch. Roark and Martin entered the house. Shortly after, Defendant

and Osborne began arguing. Defendant opened the door and yelled inside for Martin

and Osborne to leave. A scuffle ensued between Defendant and Osborne. Martin and

Roark came outside. Osborne and Martin began walking to Martin’s car, while

Defendant went inside. As Martin and Osborne reached Martin’s car, Defendant

returned to the porch with his gun and a fired a single shot into the air. Martin and

Osborne got into the car. Martin, the driver, started the car and placed it in reverse.

As Martin backed up, Defendant fired a second shot at the car. The shot entered the

vehicle through the rear passenger window and struck Osborne in the neck. Martin

applied pressure to the wound while 911 was called and the parties waited for first

responders. Defendant was identified as the shooter and detained.

 Later in the morning of 18 December 2016, Warrants issued for Defendant’s

arrest on one count of Felonious Assault with Deadly Weapon Intent to Kill Inflicting

Serious Injury. The following day, 19 December 2016, Warrants issued charging

 -2-
 STATE V. MILLER

 Opinion of the Court

Defendant with Felonious Possession of Firearm by a Felon, Felonious Discharge of

a Firearm into an Occupied Vehicle in Operation Inflicting Serious Bodily Injury

naming Osborne as the victim, and Felonious Discharge of a Firearm into an

Occupied Vehicle in Operation naming Martin as the victim. Defendant was indicted

on all charges on 30 October 2017.

 On 11 September 2018, Defendant was tried before a jury in Wilkes County

Superior Court. On 13 September 2018, the jury returned verdicts finding Defendant

guilty of: Discharging a Weapon into an Occupied Vehicle in Operation Inflicting

Serious Bodily Injury; Discharging a Weapon into an Occupied Vehicle in Operation;

Possession of a Firearm by a Felon; and Assault with a Deadly Weapon Inflicting

Serious Injury.1 The trial court entered judgment and sentenced in four separate

Judgments. The trial court entered two Judgments in file number 16 CRS 53498

imposing two concurrent sentences: (1) Discharge of a Weapon into an Occupied

Vehicle in Operation Inflicting Serious Bodily Injury, a Class C Felony, in which the

trial court sentenced Defendant within the presumptive range to an active sentence

of 83 to 112 months; and (2) Discharge of a Weapon into an Occupied Vehicle in

Operation, a Class D Felony, in which the trial court sentenced Defendant within the

presumptive range to a term of 73 to 100 months’ imprisonment. In file number 16

CRS 53483, the trial court entered Judgment on Defendant’s conviction for Assault

 1This was submitted to the jury as a lesser included offense of the Assault with a Deadly
Weapon with Intent to Kill Inflicting Serious Injury.

 -3-
 STATE V. MILLER

 Opinion of the Court

with a Deadly Weapon Inflicting Serious Injury, a Class E Felony, imposing a

suspended sentence in the presumptive range of 29 to 47 months and placing

Defendant on supervised probation for 36 months to run upon Defendant’s release

from incarceration. In file number 17 CRS 436, the trial court entered judgment on

the Possession of a Firearm by a Felon conviction, a Class G Felony, within the

presumptive range, to a suspended sentence of 14 to 26 months and again placing

Defendant on supervised probation for 36 months to run upon his release from

incarceration. On 14 September 2018, Defendant timely filed notice of appeal.

 Issue

 The sole issue on appeal is whether a defendant may be sentenced for two

convictions for Discharging a Weapon into an Occupied Vehicle under two separate

subsections of N.C. Gen. Stat. § 14-34.1 when a single shot was fired into a single

vehicle with two occupants and, therefore, whether the trial court erred by not

arresting judgment on the lesser of the two charges for Discharging a Weapon into

an Occupied Vehicle in Operation under N.C. Gen. Stat. § 14-34.1(b).

 Standard of Review

 Defendant challenges his sentence on legal rather than factual grounds,

asserting the trial court erred as a matter of law by sentencing him twice under

different subsections of N.C. Gen. Stat. § 14-34.1 for a single act. Thus, the issue

before the Court is a question of law reviewed de novo. See, e.g., State v. Hayes, 248

 -4-
 STATE V. MILLER

 Opinion of the Court

N.C. App. 414, 415, 788 S.E.2d 651, 652 (2016) (“Issues of statutory construction are

questions of law which we review de novo on appeal[.]” (citation omitted)).

 Analysis

 “A defendant properly preserves the issue of a sentencing error on appeal

despite his failure to object during the sentencing hearing.” State v. Paul, 231 N.C.

App. 448, 449, 752 S.E.2d 252, 253 (2013). “Errors based upon any of the following

grounds, which are asserted to have occurred, may be the subject of appellate review

even though no objection, exception or motion has been made in the trial division . . . .

The sentence imposed was unauthorized at the time imposed[.]” N.C. Gen. Stat. §

15A-1446(d)(18) (2017).

 Defendant concedes he was properly indicted and tried on the two separate

charges of Discharging a Weapon into an Occupied Vehicle. Rather, he appeals the

imposition of judgment and his sentence under N.C. Gen. Stat. § 14-34.1(b) for

Discharging a Weapon into an Occupied Vehicle in Operation. Specifically, he

contends his act of firing a single shot into the vehicle occupied by Martin and

Osborne only amounts to one violation of N.C. Gen. Stat. § 14-34.1, and therefore, the

trial court should not have imposed judgment and sentenced him for both Discharging

a Weapon into an Occupied Vehicle Inflicting Serious Bodily Injury under Section 14-

34.1(c) and for Discharging a Weapon into an Occupied Vehicle in Operation under

Section 14-34.1(b). Instead, he argues, the trial court was required to arrest

 -5-
 STATE V. MILLER

 Opinion of the Court

judgment on the lesser offense once the jury found the Defendant guilty of both

counts. We agree.

 In relevant part, Section 14-34.1 provides:

 Discharging certain barreled weapons or a firearm
 into occupied property.

 (a) Any person who willfully or wantonly discharges or
 attempts to discharge any firearm . . . into any building,
 structure, vehicle, . . . or other enclosure while it is occupied is
 guilty of a Class E felony.

 (b) A person who willfully or wantonly discharges a weapon
 described in subsection (a) of this section into an occupied
 dwelling or into an occupied vehicle . . . or other conveyance that
 is in operation is guilty of a Class D felony.

 (c) If a person violates this section and the violation results in
 serious bodily injury to any person, the person is guilty of a Class
 C felony.

N.C. Gen. Stat. § 14-34.1 (2017).

 Section 14-34.1 is comprised of three subsections—(a), (b), and (c). Each

subsection enumerates the class of felony constituted by a violation of Section 14-

34.1, elevating the class when specific factors are satisfied. Subsection (a) lays out

the initial Felony, a Class E. To elevate the offense enumerated in subsection (a) to

that in subsection (b), a Class D Felony, the vehicle must be in operation. See State

v. Galloway, 226 N.C. App. 100, 104, 738 S.E.2d 412, 414 (2013) (holding where the

indictment failed to allege that the vehicle was in operation, as required under

 -6-
 STATE V. MILLER

 Opinion of the Court

subsection (b) of Section 14-34.1, the defendant could not be charged with the

“elevated offense” and therefore could only be charged under subsection (a)).

 Subsection (c), a Class C Felony, provides the highest felony offense under

Section 14-34.1. A violation of subsection (c) occurs when “a person violates this

section and the violation results in serious bodily injury to any person[.]” N.C. Gen.

Stat. § 14-34.1(c). Unlike subsection (b), which expressly refers to subsection (a),

subsection (c) states “this section[,]” referring to Section 14-34.1 as a whole. A

violation of Section 14-34.1 (a) or (b) may be elevated to a Class C Felony in accord

with subsection (c) where serious bodily injury results to “any person[.]” Id. § 14-

34.1(c) (emphasis added).

 “The protection of the occupant(s) of the building was the primary concern and

objective of the General Assembly when it enacted G.S. 14-34.1.” State v. Williams,

284 N.C. 67, 72, 199 S.E.2d 409, 412 (1973).

 [A] person is guilty of the felony created by G.S. 14-34.1 if he
 intentionally, without legal justification or excuse, discharges a
 firearm into an occupied building with knowledge that the
 building is then occupied by one or more persons or when he has
 reasonable grounds to believe that the building might be occupied
 by one or more persons.

Id. at 73, 199 S.E.2d at 412. “Discharging a firearm into a vehicle does not require

that the State prove any specific intent but only that the defendant perform the act

which is forbidden by statute. It is a general intent crime.” State v. Jones, 339 N.C.

114, 148, 451 S.E.2d 826, 844 (1994). As such, the required elements of the crime

 -7-
 STATE V. MILLER

 Opinion of the Court

are: “(1) the willful or wanton discharging (2) of a firearm (3) into any building [or

vehicle] (4) while it is occupied.” State v. Jones, 104 N.C. App. 251, 258, 409 S.E.2d

322, 326 (1991). Thus, “[t]he crime of discharging a weapon into an occupied building

is accomplished when the defendant shoots once into the structure [or vehicle].” Id.

at 259, 409 S.E.2d at 326.

 In the case sub judice, Defendant committed the elevated Class D Felony

offense of Discharging a Weapon into an Occupied Vehicle in Operation when he fired

a single shot into the car occupied by Martin and Osborne while it was backing up.

Similar to this Court’s reasoning in Galloway, subsection (c) again elevates this crime

to a Class C Felony where the jury found a person suffered serious bodily injury as a

result. See 226 N.C. App. at 104, 738 S.E.2d at 414. Thus, when the jury found

Defendant guilty under Section 14-34.1(c), the trial court should have arrested

judgment for his conviction for the lesser offense under Section 14-34.1(b) arising

from the same shot into the same occupied vehicle.

 The State, nevertheless, contends the statute should be read to support

multiple punishments where there are multiple victims because it is designed to

protect the occupants of a vehicle, and in the case sub judice, there was more than

one occupant inside the car. However, as this Court articulated in Jones, “any person

located in the target building is a victim of this offense.” 104 N.C. App. at 259, 409

S.E.2d at 327 (emphasis added). Indeed, the plain language of the statute requires

 -8-
 STATE V. MILLER

 Opinion of the Court

only that the building or vehicle be occupied; it does not consider the number of

occupants. N.C. Gen. Stat. § 14-34.1; see Williams, 284 N.C. at 73, 199 S.E.2d at 412

(holding that the offense is committed when Defendant knows or has reasonable

grounds to believe the building is “occupied by one or more persons”).2

 Further, the State conceded at oral arguments that there is no prior case where

the number of occupants determined the number of convictions under Section 14-

34.1. To the contrary, where our Courts have upheld multiple convictions under

Section 14-34.1 it has done so irrespective of the number of occupants. Instead, our

Courts have relied on the existence of multiple shots or multiple occupied properties

to support multiple convictions.

 For example, in State v. Rambert, the defendant argued evidence “he fired

three shots from one gun into occupied property within a short period of time would

support a conviction and sentence on only one count, not three counts, of discharging

a firearm into occupied property[.]” 341 N.C. 173, 174, 459 S.E.2d 510, 511 (1995).

Our Supreme Court analyzed the defendant’s double jeopardy claim and held that he

was properly charged with “three separate and distinct acts” under Section 14-34.1.

Id. at 176-77, 459 S.E.2d at 513. The Court reasoned: “Each shot . . . required that

 2 Notably, while the relevant Warrant and Indictment in this case name Osborne as the victim
in one count under Section 14-34.1(c) and Martin as the victim under Section 14-34.1(b), the trial
court’s jury instructions did not require the jury to find any particular victim to support either charge.
Indeed, the trial court’s jury instructions were consistent with our prior case law and with our analysis
here.

 -9-
 STATE V. MILLER

 Opinion of the Court

defendant employ his thought processes each time he fired the weapon. Each act was

distinct in time, and each bullet hit the vehicle in a different place.” Id.

 Similarly, in State v. Nobles, the victim’s three young children were present in

the vehicle when the defendant fired seven shots into the vehicle. 350 N.C. 483, 491,

515 S.E.2d 885, 890 (1999). Yet again, our Supreme Court concluded the seven

distinct and separate shots were the basis for the defendant’s seven convictions. Id.

at 505, 515 S.E.2d at 899. Likewise, this Court upheld a defendant’s four convictions

under Section 14-34.1(b) because the evidence showed four separate bullet holes in

the doorframe, even when at the time of the shooting the dwelling was occupied by

two adults and a four-year-old child. See State v. Kirkwood, 229 N.C. App. 656, 658,

666-68, 747 S.E.2d 730, 732, 734 (2013).

 In State v. Ray, this Court held a defendant’s two convictions under Section 14-

34.1 did not violate the defendant’s right against double jeopardy where the

defendant fired a single bullet that entered two apartments, constituting two

separate occupied dwellings. 97 N.C. App. 621, 623-25, 389 S.E.2d 422, 423-24 (1990).

Consistent with Nobles and Kirkwood, the defendant’s multiple convictions in Ray

were not related to the number of victims, as each apartment in Ray had multiple

occupants. See id. None of these cases based the number of charges the defendant

received under Section 14-34.1 by the number of victims in the occupied property.

 - 10 -
 STATE V. MILLER

 Opinion of the Court

Instead, our Courts have consistently relied on multiple shots or multiple occupied

properties in order to support multiple convictions under Section 14-34.1.

 The State also argues the legislative intent behind Section 14-34.1 requires a

defendant should face greater jeopardy where the risk of injury to multiple persons

is increased. For example, the State posits a firearm discharged into a vehicle in

operation presents a greater danger to the public than one not in operation. We are

persuaded that the General Assembly addressed this concern by elevating the offense

to a Class D Felony when the vehicle is in operation, thereby providing greater

punishment. N.C. Gen. Stat. § 14-34.1(b). Likewise, the State suggests where a

driver of a vehicle is “shot or startled” this may result in a crash presenting a risk of

serious bodily injury to the occupants or the public. Again, though, the General

Assembly legislatively mandated where the discharge of the weapon into an occupied

vehicle results in serious bodily injury to any person, the offense is elevated to the

Class C Felony. Id. § 14-34.1(c). Thus, the State’s concerns are directly addressed

and remedied by the very structure of the Statute and its provisions for elevated

punishments.

 Consequently, based on our reading of the Statute and our existing case law,

we hold: where Defendant fired a single shot into a single vehicle occupied by two

people while the vehicle was in operation, resulting in serious bodily injury to one

occupant, and where the jury returned verdicts finding Defendant guilty both under

 - 11 -
 STATE V. MILLER

 Opinion of the Court

N.C. Gen. Stat. § 14-34.1(b) and § 14-34.1(c) based upon that single shot into a single

occupied vehicle, the trial court was required to arrest judgment on the conviction

under subsection (b) and impose judgment only upon the elevated Class C Felony

under subsection (c) based on the resulting serious bodily injury. Accordingly, we

arrest judgment on Defendant’s conviction under Section 14-34.1(b).

 Conclusion

 On appeal, Defendant does not challenge his convictions for Assault with a

Deadly Weapon Inflicting Serious Injury or Possession of a Firearm by a Felon.

Therefore, we uphold those Judgments and hold there was no error in file numbers

16 CRS 53483 and 17 CRS 436. In file number 16 CRS 53498, we conclude there was

no error in Defendant’s conviction for the Class C Felony of Discharging a Weapon

into an Occupied Vehicle in Operation Inflicting Serious Bodily Injury; we arrest

Judgment on Defendant’s conviction of the Class D Felony of Discharging a Weapon

into an Occupied Vehicle in Operation. We do not remand for resentencing because

the Judgments were entered separately and the active sentences run concurrently.

 NO ERROR IN PART; JUDGMENT ARRESTED IN PART.

 Judges INMAN and BROOK concur.

 - 12 -