STATE OF NORTH CAROLINA
v.
WALTER BRITT GARRISON, DEFENDANT

No. COA12-589

Filed 15 January 2013

**Assault—habitual misdemeanor assault—jury instruction— physical injury**

The trial court did not commit plain error in a habitual misdemeanor assault case by failing to instruct the jury that it must find that the assaults resulted in a physical injury. In light of the uncontroverted evidence presented at trial showing that the victim suffered physical injuries as a result of the assaults, defendant could not show that absent the error, the jury probably would have returned different verdicts.

Appeal by defendant from judgments entered 16 December 2011 by Judge Carl Fox in Durham County Superior Court. Heard in the Court of Appeals 24 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Nancy E. Scott, for the State.*

*Richard Croutharmel for defendant.*

HUNTER, Robert C., Judge.

Walter Britt Garrison ("defendant") was convicted of two counts of habitual misdemeanor assault. The convictions were based on the jury finding him guilty of two counts of misdemeanor assault on a female and defendant's stipulations during the trial to the prior misdemeanor convictions alleged in the special indictments charging him with habitual misdemeanor assault. *See* N.C. Gen. Stat. §§ 14-33.2, 15A-928(c) (2011). On appeal, defendant argues that the jury instructions constituted plain error for failing to instruct the jury that it must find that the assaults resulted in a physical injury. After careful review, we find no prejudicial error.

Background

On 4 April 2011, defendant was indicted for two counts of habitual misdemeanor assault, in violation of N.C. Gen. Stat. § 14-332, for assaults that occurred on 9 April 2010 and 6 May 2010 upon Sherry Godfrey. The substantive text of the indictments includes two paragraphs. The first paragraph lays out the facts of the underlying assaults on Sherry Godfrey, including the fact that both assaults resulted in physical injuries—a broken rib and a broken nose, cheekbone, and ruptured eardrum, respectively. The second paragraph sets out the dates and facts of defendant's prior assault convictions. The prior convictions include a misdemeanor assault on a female that occurred on 19 October 2006 and a misdemeanor assault on a government official on 8 November 2007.

In addition to the two habitual misdemeanor assault charges, defendant was also charged with intimidating a witness, communicating threats, and injury to personal property. All charges were consolidated for trial. After the State rested, the trial court granted defendant's motions to dismiss the charges of intimidation of a witness and communicating threats. Defendant did not present any evidence at trial.

After the State rested, defendant was arraigned outside the presence of the jury on the two prior assault convictions. Defendant

signed stipulations of the two assaults; however, these stipulations were not included in the record on appeal. Additionally, defendant pled guilty to the two prior convictions described in the indictments when asked by the trial court.

Pursuant to N.C. Gen. Stat. § 15A-928(c)(1) (2011), the trial court submitted the cases to the jury and instructed it on two counts of assault on a female as follows:

> The defendant has been charged—sorry, the defendant, a male person, has been charged with assault on a female on April 9th, 2010. An assault is an overt act or an attempt to do some immediate physical injury to the person of another.
>
> For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt.
>
> First, that the defendant intentionally assaulted the alleged victim.
>
> Second, that the alleged victim was a female person.
>
> And, third, that the defendant was a male person at least eighteen years of age.

The trial court gave the same instructions with respect to the 6 May 2010 incident—the only difference was the date of the offense.

On 15 December 2011, the jury found defendant guilty of two counts of assault on a female and not guilty of injury to personal property. On 16 December 2011, the trial court sentenced defendant to nine to eleven months imprisonment for each count of habitual misdemeanor assault with the sentences to run consecutively. Defendant gave written notice of appeal 23 December 2011.

Argument

Defendant's sole argument on appeal is his contention that the trial court committed plain error because it failed to instruct the jury that it must find beyond a reasonable doubt that the assaults on Ms. Godfrey resulted in physical injury, a required element of habitual misdemeanor assault.

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without

any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993); *see also State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012) (noting that to establish plain error, "a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty" (internal quotation marks omitted)).

Habitual misdemeanor assault is a substantive offense, not a status to enhance a defendant's sentence. *State v. Smith*, 139 N.C. App. 209, 214, 533 S.E.2d 518, 520, *appeal dismissed*, 353 N.C. 277, 546 S.E.2d 391 (2000). Pursuant to N.C. Gen. Stat. § 14-33.2 (2011),

> [a] person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 *and causes physical injury*, or G.S. 14-34, and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation.

(Emphasis added.) Assault on a female, a class A1 misdemeanor, is an offense included in N.C. Gen. Stat. § 14-33 (2011). In 2004, N.C. Gen. Stat. § 14-33.2 was amended by N.C. Sess. Laws 2004-186, § 10.1 to specifically require that if the basis of a habitual misdemeanor assault charge is an offense under N.C. Gen. Stat. § 14-33, there must also be a physical injury.

In contrast to habitual misdemeanor assault, "[t]he elements of assault on a female are (1) an assault, (2) upon a female person, (3) by a male person (4) who is at least eighteen years old." *State v.*

*Herring,* 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988).[1] The State is not required to prove that the female incurred a physical injury.

Based on the circumstances of this case, to prove defendant was guilty of habitual misdemeanor assault pursuant to N.C. Gen. Stat. § 14-33.2, the State was required to prove the following elements: (1) defendant was convicted of two previous misdemeanor assaults, specifically the assaults listed in the indictments (the 19 October 2006 assault on a female and the 8 November 2007 assault on a government official); (2) defendant assaulted Ms. Godfrey on 9 April 2010 and 6 May 2010; and (3) the assaults caused physical injuries. Defendant stipulated to the two prior assaults and pled guilty to those convictions outside the presence of the jury. Moreover, the jury was properly instructed on the underlying assault on a female charges. However, the trial court did not instruct the jury that they must find that the assaults caused physical injuries in order to convict defendant of habitual misdemeanor assault. Thus, the trial court erred in failing to instruct the jury on all necessary elements for defendant's conviction of habitual misdemeanor assault.

To determine whether this error constituted plain error, our Supreme Court's decision in *Lawrence* provides guidance. In *Lawrence*, the defendant was charged with conspiracy to commit robbery with a dangerous weapon and attempted robbery with a dangerous weapon. *Id.* at ___, 723 S.E.2d at 329. The trial court properly instructed the jury on the attempted robbery charge. *Id.* However, when instructing the jury on the conspiracy charge, the trial court "erroneously omitted the element that the weapon must have been used to endanger or threaten the life of the victim." *Id.* While this Court held that the omission constituted plain error, our Supreme Court disagreed noting that since the trial court properly instructed the jury on attempted robbery, the only additional element necessary for a conviction on the conspiracy charge was an agreement. *Id.* at ___, 723 S.E.2d at 334. Relying on the "overwhelming and uncontroverted evidence" of the agreement between the conspirators, our Supreme Court held that the defendant "failed to meet his burden of demonstrating plain error." *Id.* at ___, 723 S.E.2d at 335.

Here, like *Lawrence,* the trial court failed to properly instruct on all necessary elements of a habitual misdemeanor assault charge;

---

1. Although *Herring* was quoting N.C. Gen. Stat. § 14–33(b)(2) (1986), the former assault on a female statute, assault on a female is currently codified under N.C. Gen. Stat. § 14–33(c)(2).

specifically, it omitted the element of physical injury. However, there was plenary evidence presented at trial that both of the underlying assaults on Ms. Godfrey resulted in physical injuries. Ms. Godfrey testified that after the 9 April incident, she sustained a broken rib and sought treatment at Duke Hospital for her injuries. Ms. Godfrey's sister, Maretha Godfrey, took her to the hospital. Maretha stated that Ms. Godfrey told her she was in pain and kept complaining about her side hurting.

Moreover, with regard to the 6 May incident, Ms. Godfrey testified that she was in pain—specifically, her right ear and right side of her face hurt. Ms. Godfrey also testified that she had bruises on her back, right side of her face, right ear, and wrists. After the police arrived on the scene, an officer called EMS. Mark Onifrey, a Durham County EMS worker, testified that he observed numerous physical injuries on Ms. Godfrey, including bruises and swelling of her face, ears, and nose. The State submitted into evidence the medical records completed by Mark Onifrey which documented her injuries. Medical records from Duke Hospital were also introduced at trial indicating that Ms. Godfrey suffered a nasal fracture and various contusions. In addition, the State submitted two photographs of Ms. Godfrey, taken after the 6 May incident, which purportedly illustrated her injuries on her face.[2]

In light of the uncontroverted evidence presented at trial showing that Ms. Godfrey suffered physical injuries as a result of the assaults, defendant cannot show that, absent the error, the jury probably would have returned different verdicts. Thus, he cannot show the prejudicial effect of the error necessary to establish plain error, and his argument is overruled.

In support of his argument that the failure to instruct on all necessary elements requires that his convictions be vacated, defendant cites *State v. Bowen*, 139 N.C. App. 18, 533 S.E.2d 248 (2000). In *Bowen*, this Court vacated several of the defendant's convictions based on erroneous jury instructions. *Id.* at 22-23, 533 S.E.2d at 251-52. Because the trial court failed to instruct the jury on first degree (forcible) sexual offense, the offense the defendant was charged with, but instead instructed on statutory sexual offense, the Court vacated three of the defendant's convictions for first degree

---

2. We note that although these photographs were included in the record, the copies are extremely dark. Therefore, we are unable to ascertain how clearly they show any injuries sustained by Ms. Godfrey and must rely on her testimony at trial regarding what the images show.

(forcible) sexual offense. *Id.* at 25-26, 533 S.E.2d at 253. Moreover, the Court vacated one of the defendant's convictions for indecent liberties with a child because the trial court failed to instruct on the charge entirely. *Id.* By failing to do so, this Court concluded that "the trial court effectively dismissed the indictment of the same." *Id.* at 26, 533 S.E.2d at 254.

However, *Bowen* is distinguishable because the defendant's convictions were vacated because the trial court instructed on the wrong charge and failed to provide any jury instructions with regard to the indecent liberties charge. In contrast, here, the trial court properly instructed the jury on an assault on a female charge, the offense that served as the basis for defendant's habitual misdemeanor assault charges. However, it failed to instruct on one of the required elements of habitual misdemeanor assault, a physical injury. Thus, we must rely on *Lawrence* as controlling, *see Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (holding that this Court has a "responsibility to follow" decisions issued by our Supreme Court), and defendant's reliance on *Bowen* is misplaced.

## Conclusion

Although the trial court erred in failing to properly instruct on all the necessary elements of a habitual misdemeanor assault charge, we conclude that defendant did not establish that the jury probably would have reached different verdicts absent that error. Therefore, defendant failed to establish plain error.

No prejudicial error.

Judges CALABRIA and HUNTER, JR., Robert N. concur.