An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1327

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

KALMEAICE KAWANNA WILLIAMS

New Hanover County
Nos. 12 CRS 59892, 13 CRS 40

Appeal by defendant from judgment entered 22 July 2013 by Judge Kenneth F. Crow in New Hanover County Superior Court. Heard in the Court of Appeals 19 March 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Melissa H. Taylor, for the State.*

> *Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Jason Christopher Yoder, for defendant-appellant.*

McCULLOUGH, Judge.

Defendant Kalmeaice Kawanna Williams appeals from his conviction of habitual misdemeanor assault. After careful review, because we find defendant's indictment for habitual

misdemeanor assault to be facially defective, we vacate defendant's conviction.

## I.    Background

On 7 January 2013, defendant was indicted for second-degree kidnapping in violation of N.C. Gen. Stat. § 14-39, assault on a female in violation of N.C. Gen. Stat. § 14-33, and habitual misdemeanor assault in violation of N.C. Gen. Stat. § 14-33.2.

On 15 July, 2013, defendant pled guilty to the two predicate misdemeanor assault on a female convictions listed on the indictment for the purpose of the habitual misdemeanor assault charge.

Following a trial, on 22 July 2013, a jury found defendant guilty of false imprisonment and assault on a female. Defendant was sentenced to 120 days for his false imprisonment conviction. At the expiration of the sentence for his false imprisonment conviction, defendant was sentenced to serve 20 months to 33 months for his habitual misdemeanor assault conviction. Defendant appeals.

## II.   Discussion

Defendant's sole argument on appeal is that the trial court lacked subject matter jurisdiction to adjudicate the charge of habitual misdemeanor assault where the indictment was facially defective by failing to allege the element of "physical injury"

as required pursuant to N.C. Gen. Stat. § 14-33.2. Based on the reasons stated herein, we agree.

It is well-established that "where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000) (citations omitted).

> North Carolina law has long provided that [t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court a[c]quires no jurisdiction [whatsoever], and if it assumes jurisdiction a trial and conviction are a nullity. In other words, an indictment must allege every element of an offense in order to confer subject matter jurisdiction on the court.

*State v. Kelso*, 187 N.C. App. 718, 722, 654 S.E.2d 28, 31 (2007) (citations and quotation marks omitted). "We review the issue of insufficiency of an indictment under a *de novo* standard of review." *State v. Marshall*, 188 N.C. App. 744, 748, 656 S.E.2d 709, 712 (2008) (citation omitted).

"Habitual misdemeanor assault is a substantive offense, not a status to enhance a defendant's sentence." *State v.* Garrison, __ N.C. App. __, __, 736 S.E.2d 610, 612-13 (2013) (citation

omitted).    N.C.  Gen.  Stat.  §  14-33.2,  entitled  "Habitual
misdemeanor assault[,]" provides as follows:

> A  person  commits  the  offense  of  habitual
> misdemeanor assault if that person violates
> any  of  the  provisions  of  G.S.  14-33  and
> *causes physical injury*, or G.S. 14-34, and
> has two or more prior convictions for either
> misdemeanor  or  felony  assault,  with  the
> earlier  of  the  two  prior  convictions
> occurring no more than 15 years prior to the
> date of the current violation.

N.C. Gen. Stat. § 14-33.2 (2013) (emphasis added).

> Assault on a female, a class A1 misdemeanor,
> is an offense included in N.C. Gen. Stat. §
> 14-33 (2011).   In 2004, N.C. Gen. Stat. §
> 14-33.2 was amended by N.C. Sess. Laws 2004-
> 186, § 10.1 to specifically require that if
> the basis of a habitual misdemeanor assault
> charge is an offense under N.C. Gen. Stat. §
> 14-33, there must also be a physical injury.

*Garrison* at __, 736 S.E.2d at 613.

Based  on  the  circumstances  of  the  present  case,  to  prove
defendant was guilty of habitual misdemeanor assault pursuant to
N.C.  Gen.  Stat.  §  14-33.2,  the  State  was  required  to  allege  a
physical  injury  in  order  to  confer  subject  matter  jurisdiction
on  the  trial  court.    Here,  the  State's  habitual  misdemeanor
assault  indictment  attempted  to  charge  defendant  with  habitual
misdemeanor  assault,  but  failed  to  state  the  essential  element
of physical injury:

> AND THE JURORS FOR THE STATE UPON THEIR OATH
> present  that  on  or  about  the  date  of  the

offense shown above and in the county named above the *defendant named above unlawfully, willfully and feloniously did assault and strike Whitney Autry, a female person, by striking her in the chin with a closed fist.* The defendant has been previously convicted of two or more felony or misdemeanor assault offenses. The defendant has been previously convicted of the misdemeanor assault of assault on a female, case number 06CR 55354, on 08/31/2006 in New Hanover County district court. The defendant has been previously convicted of misdemeanor assault of assault on a Female, case number 10CR 54896, on 06/03/2010, in New Hanover County district court. The earlier of these convictions occurred no more than 15 years prior to the date of current violation.

(emphasis added).

Based on the foregoing, we hold that the State's failure to allege an essential element of the offense of habitual misdemeanor assault renders defendant's indictment facially defective. Accordingly, the trial court had no jurisdiction to adjudicate the charge for habitual misdemeanor assault and defendant's conviction on this charge is vacated.

Vacated.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).