DAVIS, Judge.
Rakeed Divone Sellers ("Defendant") appeals from his convictions for habitual misdemeanor assault, assault on a female, and attaining the status of an habitual felon. On appeal, he contends that the trial court (1) lacked the authority to sentence him for habitual misdemeanor assault; and (2) improperly sentenced him as an habitual felon. After careful review, we conclude that Defendant received a fair trial free from error.
Factual Background
The State presented evidence at trial tending to establish the following facts: On 26 October 2012, Defendant arranged to pick up his three-year-old daughter and her mother, Nickara Boykin, early in the evening and take them out to dinner. However, Defendant did not actually arrive until around midnight.
When Defendant arrived, he was noticeably intoxicated and irritated. Given Defendant's condition, Boykin determined that it would be best for them to drop off their daughter at her grandmother's house and instructed Defendant to do so. Defendant and Boykin began arguing and continued to argue during the drive to Boykin's grandmother's house.
After dropping off their daughter, Boykin told Defendant to take her to the home of her friend, Unitra Burrell. While en route, Defendant and Boykin continued to argue until Defendant punched Boykin in the eye, causing her to temporarily lose vision. Defendant then proceeded to choke her.
Upon arrival at Burrell's house, Boykin ran inside and asked Burrell to use her phone to call 911 and report Defendant's actions. Burrell handed Boykin her phone and noticed visible marks on Boykin's face and neck, including a black eye.
Shortly after Boykin called 911, Officer T.A. Brown with the Raleigh Police Department arrived at Burrell's house and took down Boykin's account of the incident. He then photographed her injuries, which included a black eye, bruises on her face, a cut on her mouth, and red marks around her neck. Officer Brown obtained an arrest warrant and arrested Defendant later that morning.
On 10 December 2012, Defendant was indicted on charges of assault on a female, habitual misdemeanor assault, and assault inflicting physical injury by strangulation. On 19 January 2013, Defendant was also indicted on the charge of attaining the status of an habitual felon.
A jury trial was held beginning on 16 December 2013 before the Honorable Shannon R. Joseph in Wake County Superior Court. The jury convicted Defendant of misdemeanor assault on a female and acquitted him of the charge of felony assault by strangulation. During the sentencing phase of trial, the trial court enhanced Defendant's misdemeanor assault on a female conviction to habitual misdemeanor assault. Defendant thereafter pled guilty to attaining habitual felon status. The trial court sentenced him to 70-93 months imprisonment. Defendant gave oral notice of appeal in open court.
Analysis
I. Habitual Misdemeanor Assault
Defendant's first argument on appeal is that the trial court erred by sentencing him for the felony of habitual misdemeanor assault as opposed to misdemeanor assault on a female. Specifically, he contends that because he (1) was not convicted of habitual misdemeanor assault; (2) did not plead guilty to habitual misdemeanor assault; and (3) did not stipulate to the fact that he inflicted physical injuries upon Boykin, the trial court lacked the authority to sentence him for that offense. We disagree.
Defendant failed to object at trial to the alleged sentencing error he now challenges on appeal. Therefore, our review is limited to plain error. See N.C. R. App. P. 10(a)(4) ("In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error."); see also State v. McNair , 146 N.C. App. 674, 680-81, 554 S.E.2d 665, 670 (2001) (applying plain error review where during sentencing phase "the trial court ... enhance[ed the defendant's] sentence by 60 months for possession of a firearm during the [commission of the] offense for which he was convicted" and defendant did not object).
For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.
State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations, quotation marks, and brackets omitted).
N.C. Gen. Stat. § 14-33.2 provides that
[a] person commits the offense of habitual misdemeanor assault if that person violates any of the provisions of G.S. 14-33 and causes physical injury, or G.S. 14-34,[1] and has two or more prior convictions for either misdemeanor or felony assault, with the earlier of the two prior convictions occurring no more than 15 years prior to the date of the current violation. A conviction under this section shall not be used as a prior conviction for any other habitual offense statute. A person convicted of violating this section is guilty of a Class H felony.
N.C. Gen. Stat. § 14-33.2 (2015). N.C. Gen. Stat. § 14-33, in turn, provides, in pertinent part, that "any person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she ... [a]ssaults a female, he being a male person at least 18 years of age[.]" N.C. Gen. Stat. § 14-33(c)(2) (2015).
Thus, the essential elements of habitual misdemeanor assault stemming from an assault on a female are that "(1) defendant was convicted of two previous misdemeanor assaults[2] ...; (2) defendant assaulted [a female] ...; and (3) the assaults caused physical injuries." State v. Garrison , 225 N.C. App. 170, 174, 736 S.E.2d 610, 613 (2013).
Defendant argues that the jury never had the opportunity to determine whether Defendant's assault caused physical injury to Boykin in connection with his underlying conviction for assault on a female because that offense only requires "(1) an assault, (2) upon a female person, (3) by a male person, (4) who is at least eighteen years old." Id. at 173, 736 S.E.2d at 613 (citation and quotation marks omitted). For this reason, he argues, an essential element of the offense of habitual misdemeanor assault was lacking.
However, Defendant's argument ignores the fact that the trial court's jury instructions did , in fact, require the jury to determine whether Defendant had inflicted physical injury upon Boykin. At the charge conference, the following exchange occurred:
[THE PROSECUTOR]: For that indictment number or for elements of assault on female, I'm going to ask that in the first element you add that the defendant inflicted physical injury because this is an element of habitual misdemeanor assault even though it's not usually of assault on female by itself.
THE COURT: That's fair. The indictment says giving her a black eye. Is that the language that you would like or inflicting injury?
[THE PROSECUTOR]: Just inflicting physical injury. That's the-
THE COURT: Does Defendant want to be heard on that?
[DEFENDANT'S TRIAL COUNSEL]: No. That sounds appropriate.
THE COURT: So the language would be "by punching her with a closed fist, inflicting physical injury."
[THE PROSECUTOR]: Inflicting physical injury simply because that's what misdemeanor assault requires.
THE COURT: I will add that both in the first element and in the summary instructions.
[THE PROSECUTOR]: Thank you, Your Honor.
The trial court proceeded to instruct the jury as follows with regard to the misdemeanor assault on a female charge:
THE COURT: ... In File Number 12 CRS 224404, the defendant, a male person, has been charged with assault on a female. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt:
First, that the defendant intentionally assaulted Nickara Boykin by punching her in the left eye with a closed fist inflicting physical injury ;
Second that Nickara Boykin was a female person;
And, third, that the defendant was a male person at least 18 years of age.
If you find from the evidence beyond a reasonable doubt that on or about October 27, 2012, the defendant was a male person at least 18 years of age and that he intentionally punched Nickara Boykin in the left eye with a closed fist, inflicting physical injury , and that Nickara Boykin is a female person, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.
(Emphasis added.)
Therefore, it is clear that in finding Defendant guilty of misdemeanor assault on a female, the jury necessarily determined that Defendant inflicted physical injury upon Boykin as a result of Defendant's assault upon her. This distinguishes the present case from Garrison . In Garrison , the defendant was convicted of two counts of habitual misdemeanor assault. Garrison , 225 N.C. App. at 172, 736 S.E.2d at 612. At trial, after the State rested, the defendant stipulated to two prior assault convictions and the trial court proceeded to instruct the jury on the offense of assault on a female. However, in its instructions the trial court failed to instruct the jury it was required to find the assaults caused physical injury. Thus, we held that "the trial court erred in failing to instruct the jury on all necessary elements for defendant's conviction of habitual misdemeanor assault." Id. at 174, 736 S.E.2d at 613.
Here, conversely, the trial court avoided the error that occurred in Garrison by adding the element of physical injury to its instructions on the charge of misdemeanor assault on a female. Therefore, all of the elements of habitual misdemeanor assault were established through Defendant's stipulations and the jury's conviction of him on the offense of assault on a female. Consequently, the trial court did not err-much less commit plain error-by sentencing Defendant for habitual misdemeanor assault.
II. Habitual Felon Status
Defendant also argues that the trial court erred in sentencing him as a habitual felon because he was not found guilty of any underlying felony. As explained below, this argument also lacks merit.
The Habitual Felons Act, provides for indictment as a habitual felon of a defendant who has been convicted of or pled guilty to three felony offenses. The effect of such a proceeding is to enhance the punishment of those found guilty of crime[s] who are also shown to have been convicted of other crimes in the past. The Habitual Felons Act does not authorize an independent proceeding to determine defendant's status as a habitual felon separate from the prosecution of a predicate substantive felony, and the habitual felon indictment is necessarily ancillary to the indictment for the substantive felony.
State v. Cheek , 339 N.C. 725, 727, 453 S.E.2d 862, 863 (1995) (internal citations and quotation marks omitted).
"In other words, the habitual felon indictment cannot be the sole charge on which the State proceeds at trial." State v. Blakney , 156 N.C. App. 671, 674, 577 S.E.2d 387, 390, disc. review denied , 357 N.C. 252, 582 S.E.2d 611 (2003). Furthermore, "an habitual felon indictment is not required to specifically refer to the predicate substantive felony. This is so because the defendant is not defending himself against the predicate substantive felony, but against the charge that he has been previously convicted of the required number of felonies." State v. Mason , 126 N.C. App. 318, 322, 484 S.E.2d 818, 820-21 (1997) (internal citations, quotation marks, and alteration omitted), cert. denied , 354 N.C. 72, 553 S.E.2d 72 (2001).
"It is well established that a plea of guilty [to habitual felon status] is equivalent to a conviction and no evidence of guilt is required and no verdict of a jury is required as a prerequisite to the imposition of a lawful sentence." State v. McCree , 160 N.C. App. 200, 203, 584 S.E.2d 861, 864 (2003). "By pleading guilty, [a] defendant thus waive[s] his right to challenge the [habitual felon] indictment on the grounds that the information contained in the indictment was incorrect." State v. McGee , 175 N.C. App. 586, 588, 623 S.E.2d 782, 784 (2006).
In the present case, Defendant does not contest the fact that he pled guilty to attaining the status of an habitual felon. Nor does he challenge the validity of the habitual felon indictment, which expressly referenced three prior felony convictions described therein.[3] Instead, he argues that because (1) he was acquitted of the felony assault by strangulation charge; and (2) the assault on a female charge for which he was convicted is only a misdemeanor, he was not convicted of an underlying felony to which habitual felon status could attach. However, this argument is foreclosed by the fact that-as explained above-he was found guilty of habitual misdemeanor assault, which is a Class H felony under N.C. Gen. Stat. § 14-33.2.
Therefore, because (1) we have determined that Defendant's guilt of the felony of habitual misdemeanor assault was properly established; and (2) he does not challenge the validity of his three prior felony convictions as set forth in the habitual felon indictment, the trial court did not err in allowing him to plead guilty to attaining habitual felon status and sentencing him accordingly.
Conclusion
For the reasons stated above, we conclude that Defendant received a fair trial free from error.
NO ERROR.
Report per Rule 30(e).
Chief Judge McGEE and Judge STEPHENS concur.

N.C. Gen. Stat. § 14-34 provides that "[i]f any person shall point any gun or pistol at any person, either in fun or otherwise, whether such gun or pistol be loaded or not loaded, he shall be guilty of a Class A1 misdemeanor." N.C. Gen. Stat. § 14-34 (2015). Because there is no evidence that Defendant used or even possessed a firearm during his assault upon Boykin, this provision is inapplicable to the present case.

In the present case, Defendant stipulated at trial to two prior convictions for assault on a female.

These included two separate convictions for possession with intent to sell or deliver cocaine and a conviction for possession of a firearm by a felon.